IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCEL THEO HALL, and derivatively on behalf of Biz Markie, Inc. 11206 Champlain Circle Bowie, MD 20720<br><br>         Plaintiff,<br><br>vs.<br><br>BIZ MARKIE, INC., a Washington, D.C. corporation and registrant of bizmarkie.com 1328 U St. NW #1W Washington, D.C. 20009-7503, and JENNIFER IZUMI, individually 1905 15th Street NW Washington, D.C. 20009<br><br>         Defendants. | CASE NO: 1:22-cv-00806 |

## JOINT REPORT OF RULE 26(f) CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3(a), counsel for the parties submit this updated Joint Report of Rule 26(f) Conference and proposed Scheduling Order. Counsel for Plaintiff and Defendants (who are collectively referred to herein as the "Parties") conferred on June 17, 2022, and report as follows:

1.       <u>Dispositive Motions</u>.   Defendants timely filed a Motion to Dismiss in this matter. In response, Plaintiff timely filed an Amended Complaint.  Through Plaintiff's amendment, the amended complaint now states Plaintiff's operative claims.  On June 22, 2022, this Court denied the Motion to Dismiss as moot.  After Defendants timely filed their Answer to Plaintiff's Amended Complaint, the parties agreed that discovery should proceed as scheduled herein.  The proposed scheduling order provides for the filing of summary judgment motions.

1

2. <u>Amending Pleadings</u>.  The deadline for motion seeking leave to file Motion to amend or join parties is 60 days after the filing of Defendants' answer to the Amended Complaint.

3. <u>Magistrate Judge</u>.  One or more parties objects to the assignment of this case to a magistrate judge for all purposes, including trial.

4. <u>Settlement and ADR</u>.  At this juncture of the case, the parties do not yet know if there may be a realistic possibility of settlement and believe this case may benefit from ADR.

5. <u>Summary Judgment</u>.  The parties agree that motions for summary judgment may be filed and propose the following summary judgment deadlines:

   a. Motions for Summary Judgment: Sixty (60) days after completion of discovery
   b. Responses to Motions for Summary Judgment: Thirty (30) days after filing of Motions
   c. Replies in Support of Summary Judgment: Fifteen (15) days after filing of Responses

6. <u>Initial Disclosures</u>.  The parties will file initial disclosures within 60 days of Defendants' filing their answer to the amended complaint.

7. <u>Discovery and Discovery Schedule (fact discovery)</u>.  The parties agree that fact discovery should conclude six (6) months following Defendants' filing their answer to the amended complaint, to include answers to interrogatories, document production, requests for admissions, and depositions.

8. <u>Protective Order</u>.

   The Parties believe a mutually approved Protective Order should govern financial information of the Parties.

9. <u>Document Preservation</u>.

Based on representations from counsel from both sides, the parties believe that potentially responsive documents shall be preserved.

10. <u>Cutoff for Logging of Privileged Documents</u>.

The parties shall submit a separate stipulation regarding the cutoff for logging of privileged documents.

11. <u>Depositions</u>.

The Parties' position is that the presumptive limit of 10 depositions under Rule 26(b)(2) of the Federal Rules of Procedure should apply. Either party may use the procedure established in that rule to seek leave of court to conduct depositions in excess of the limit after explaining the grounds.

12. <u>Experts</u>. The parties propose the following deadlines for expert discovery and agree that with regard to Proponent's Expert Reply Reports, any expert submitting such a report will be subject to deposition even if that expert has already been deposed in the case, and the deposition will be limited to the substance of the Reply Report.

   a. Exchange of Proponents' Expert Reports: Two (2) months following close of fact discovery.

   b. Exchange of Opponents' Expert Reports: Thirty (30) days following receipt of Proponents' Expert Report

   c. Exchange of Proponents' Expert Reply Reports: Thirty (30) days following receipt of Opponents' Expert Reports

   d. Close of Expert Discovery: One hundred twenty (120) days following close of fact discovery

13. <u>Class Actions</u>.  Not applicable.

14. <u>Bifurcation</u>.  The parties agree that the trial should not be bifurcated.

15. <u>Pretrial Conference</u>.  The parties agree that the Court should set the final Pretrial Conference thirty (30) to sixty (60) days prior to trial.

16. <u>Trial Date</u>.  The parties agree that the Court should set a firm trial date for a ten-day jury trial.

17. <u>Case Summaries</u>.  The parties' case summaries appear below.

**Plaintiff's Case Summary**

In or about 2016, Defendant Izumi, an employee of famed entertainer "Biz Markie" (Marcel T. Hall), granted herself 51% of Mr. Hall's income and control of his company, Biz Markie, Inc., the other Defendant in this matter.  As she filed the company's tax returns, paid its bills, and collected its income on behalf of Mr. Hall, Mr. Hall was unaware of this action.  Additionally, knowing of Mr. Hall's poor health, Defendant Izumi covertly applied to change the ownership of Mr. Hall's life insurance policies to one of her solely owned corporations, with herself as the sole beneficiary of one of the policies and 40% beneficiary of the other.

In 2020, Mr. Hall was hospitalized and thereafter suffered a drastic medical decline; after being hospitalized for more than a year, Mr. Hall passed away on July 16, 2021 at age 57.  Plaintiff in this matter is his Estate, represented by Mr. Hall's widow.

During most of this year of hospitalization, June 2020 through July 2021, Mr. Hall was incapacitated and unable to make financial decisions on his own behalf.  During this period of incapacitation, Defendants engaged in numerous financial and corporate transactions that directly benefited Defendants, to the detriment of the financial well-being of Mr. Hall and therefore the

4

Plaintiff. These actions were not authorized by Mr. Hall, as he was unable to make financial decisions during this time.

While Mr. Hall was in the hospital, BM, Inc. obtained a $149,000.00 Paycheck Protection Program (PPP) loan, authorized by the CARES Act to provide small businesses with the funds to continue to pay their employees, but Defendant Izumi misappropriated the company's funds and used them to pay her personal taxes. While Mr. Hall was in the hospital, Defendant Izumi hacked into his personal accounts (including banking) without permission and changed the passwords, so that they cannot be accessed by his Estate or widow. Without the knowledge or consent of Mr. Hall, Defendant Izmi fraudulently filed a trademark application for the Biz Markie mark, falsely stating in her application that his company had not yet used "Biz Markie" in commerce.

While Mr. Hall was incapacitated, Defendant Izumi obtained a $65,000 advance from his royalty earnings, which she directed to be paid to one of her companies and even sent a letter of direction to Warner Brothers switching the payee of Mr. Hall's artist royalties from his company to hers. She changed the address of the Biz Markie, Inc. bank account to her company's address, and all funds due and owing to Mr. Hall for his music and acting career (including royalties and

residuals) are still being routed into Defendant Izumi's accounts – and none go to Mr. Hall's widow, in contravention of his intentions.

Immediately after his death, Defendants began the advertising and sale of unauthorized clothing and merchandise on the Biz Markie website, bizmarkie.com, for which they never accounted to or paid Mr. Hall or Plaintiff for any of the goods sold bearing his name and likeness.

Plaintiff brings this action for claims of multiple trademark violations, violation of the Anticybersquatting Consumer Protection Act, unjust enrichment, conversion, and requesting, *inter alia,* injunctive relief, accounting, and payment.

Although Defendant Izumi has proffered a power of attorney purportedly executed by Mr. Hall, it expressly disallows self-dealing and compensation for such appointment and specifically excludes intellectual property rights.  Defendants apparently incorrectly rely on Defendant Izumi's power of attorney to validate their actions.

### **Defendants' Case Summary**

Ms. Jennifer Izumi ("Ms. Izumi") and Mr. Marcel Theo Hall ("Mr. Hall") were friends for over twenty years. They met when Mr. Hall was in the midst of his professional career as a musician, disc jockey, and actor. Ms. Izumi also had her own career as a well-respected Verizon Wireless sales agent. Upon formation of Biz Markie, Inc. ("BM, Inc." or the "Company"), Mr. Hall and Ms. Izumi agreed that Ms. Izumi would be a majority shareholder of the Company because Mr. Hall knew that Ms. Izumi would operate BM, Inc. fairly and in its best interest as she had done for the last 15 years.

Consistent with Mr. Hall's trust in Ms. Izumi, he also explicitly and formally appointed Ms. Izumi to act on his behalf in relation to Mr. Hall's personal affairs. On May 23, 2018, both Mr. Hall and Ms. Izumi signed, dated, and notarized an enforceable Power of Attorney in front of

two witnesses. In this way, Mr. Hall declared his express intent to have Ms. Izumi act as his attorney-in-fact. Although, Mr. Hall had the option to limit Ms. Izumi's authority within the Power of Attorney, Mr. Hall decided to clearly identify that Ms. Izumi had broad and general authority to act on Mr. Hall's behalf in every subject listed on the Power of Attorney. Among many other actions, the Power of Attorney allowed Ms. Izumi to communicate, sell personal property, operate or reduce an ownership interest, and sell or assign a share in or payment from Mr. Hall's estate. Essentially, the Power of Attorney provided Ms. Izumi with full authority to act as Mr. Hall in his absence. This occurred despite Ms. Tara Hall's simultaneous presence in Mr. Hall's life.

    Mr. Hall passed away from medical complications on July 16, 2021. Now, contrary to all of Mr. Hall's prior statements and actions while he was alive, his Estate, as directed by Ms. Tara Hall ("Plaintiff"), claims that Ms. Izumi's actions amount to self-dealing. Ms. Izumi denies all of Plaintiff's claims and further notes that all of her actions were taken either under the express authority conferred by Mr. Hall, the Power of Attorney that he and Ms. Izumi signed, or Ms. Izumi's authority as the majority owner of BM, Inc.

    BM, Inc. is the owner of and has been using the Biz Markie mark in connection with *inter alia*, entertainment services since at least as early as February 3, 2015 and apparel and various other services since at least as early as December 2015. In addition, BM, Inc. has owned and maintained the Bizmarkie.com domain since 2016. Contrary to Plaintiff's claims, Ms. Izumi had the authority to manage any intellectual property rights allegedly owned by Mr. Hall as the Power of Attorney expressly grants Ms. Izumi the authority to "[c]ontract with another person, on terms agreeable to the Attorney-in-Fact, to accomplish a purpose of a transaction and perform, rescind, cancel, terminate, reform, restate, release, or modify the contract or another contract made by or on behalf of the principal;" "[e]xecute, acknowledge, seal, deliver, file, or record any instrument

or communication the Attorney-in-Fact considers desirable to accomplish a purpose of a transaction, including creating a schedule contemporaneously or at a later time listing some or all of the **principal's property** and attaching the schedule to this power of attorney;" "[p]repare, execute, and file a record, report, or other document to safeguard or promote the principal's interest under a statute or regulation;" and full authority involving "[o]peration of an [e]ntity or a [b]usiness." Accordingly, as provided above, Plaintiff's claims are without merit and Defendants deny all Plaintiff's claims as all actions taken by Ms. Izumi were taken either under the express authority conferred by Mr. Hall, the Power of Attorney that he and Ms. Izumi signed, or Ms. Izumi's authority as the majority owner of BM, Inc.

18.    <u>Outstanding Discovery Issues</u>:  Must be resolved by 30 days following close of expert discovery.

## Proposed Scheduling Orders

The parties have attached a proposed Scheduling Order reflecting the proposed pretrial schedule as outlined in this Report.

`Case 1:22-cv-00806-CKK   Document 20   Filed 08/22/22   Page 9 of 13`

| | |
|---|---|
| Dated:  August 22, 2022 | Respectfully submitted, |
| */s/ Benjamin E. Horowitz* | */s/ William R. "Billy" Martin* |
| Benjamin E. Horowitz | William R. Martin (D.C. Bar No. 465531) |
| (D.C. Bar No. 1017262) | Adeyemi O. Adenrele (D.C. Bar No. 1615835) |
| VENABLE LLP | BARNES & THORNBURG LLP |
| 600 Massachusetts Avenue | 1717 Pennsylvania Avenue NW, Suite 500 |
| Washington, D.C. 20001 | Washington, D.C. 20006-4623 |
| (202) 344-4494 | (202) 289-1313 |
| BEHorowitz@venable.com | billy.martin@btlaw.com |
| | adey.adenrele@btlaw.com |
| -and- | -and- |
| Alan S. Clarke (*Pro hac vice* admitted) | */s/ Dayna Cooper* |
| GREENSPOON MARDER LLP | Dayna Cooper (D.C. Bar No. 1033851) |
| Promenade II | COOPER LEGAL, LLC |
| 1230 Peachtree Street, NE | 1 Olympic Place, Suite 900 |
| Suite 1900 | Towson, MD 21204 |
| Atlanta, GA 30303 | (202) 642-5470 |
| (404) 816-9800 | dayna@cooperlegalsolutions.com |
| Alan.Clarke@gmlaw.com | |
| | *Attorneys for Defendants Biz Markie, Inc. and Jennifer Izumi* |
| *Attorneys for Plaintiff* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22 day of August 2022, a copy of the foregoing Joint Report of Rule 26(f) Conference was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Benjamin E. Horowitz*
Benjamin E. Horowitz

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCEL THEO HALL, and derivatively on behalf of Biz Markie, Inc. 11206 Champlain Circle Bowie, MD 20720<br><br>    Plaintiff,<br><br>vs.<br><br>BIZ MARKIE, INC., a Washington, D.C. corporation and registrant of bizmarkie.com 1328 U St. NW #1W Washington, D.C. 20009-7503, and JENNIFER IZUMI, individually 1905 15th Street NW Washington, D.C. 20009<br><br>    Defendants. | CASE NO: 1:22-cv-00806 |

### [PROPOSED] SCHEDULING ORDER

Pursuant to the Joint Report filed according to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26, it is hereby ordered that the parties shall comply with the following case deadlines:

| **Event** | **Date/Deadline** |
|---|---|
| Amend Pleadings or Add Parties | September 12, 2022 |
| Close of Fact Discovery | January 12, 2023 |
| Exchange of Proponents' Expert Reports | March 13, 2023 |
| Exchange of Opponents' Expert Reports | April 12, 2023 |
| Exchange of Proponents' Expert Reply Reports | May 12, 2023 |
| Close of Expert Discovery | May 12, 2023 |

1

| | |
|---|---|
| Motions for Summary Judgment | July 13, 2023 |
| Responses to Motions for Summary Judgment | August 14, 2023 |
| Replies in Support of Summary Judgment | August 29, 2023 |
| Pretrial Conference | The parties agree that the Court should set the final Pretrial Conference thirty (30) to sixty (60) days prior to trial. |

The parties may not modify these dates without Court approval, upon motion stating the grounds for modification, whether any prior extensions of time have been granted, and whether the extension will impact any other scheduled dates.

**SO ORDERED.**


Date: _____, 2022

_____
Hon. Colleen Kollar-Kotelly
United States District Court Judge

Copies to:

Benjamin E. Horowitz
VENABLE LLP
600 Massachusetts Avenue
Washington, D.C. 20001
(202) 344-4494
BEHorowitz@venable.com

-and-

Alan S. Clarke (*Pro Hac Vice*)
GREENSPOON MARDER LLP
Promenade II
1230 Peachtree Street, NE, Suite 1900
Atlanta, GA 30303
(404) 816-9800
Alan.Clarke@gmlaw.com

*Attorneys for Plaintiff*

William R. Martin
Adeyemi O. Adenrele
Barnes & Thornburg LLP
1717 Pennsylvania Avenue NW, Suite 500
Washington, D.C. 20006-4623
(202) 289-1313
billy.martin@btlaw.com
adey.adenrele@btlaw.com

-and-

Dayna Cooper
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
(202) 642-5470
dayna@cooperlegalsolutions.com

*Attorneys for Defendants Biz Markie, Inc.
and Jennifer Izumi*