## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TARA HALL AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MARCEL THEO HALL, and
derivatively on behalf of Biz Markie, Inc.,

      Plaintiff,

vs.

BIZ MARKIE, INC., a Washington, D.C.
corporation, and JENNIFER IZUMI,
individually,

      Defendants.

CASE NO: 1:22-cv-00806

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO
## DEFENDANTS' COUNTERCLAIMS

     Plaintiff Tara Hall, as personal representative of the estate of Marcel Theo Hall, and derivatively on behalf of Biz Markie, Inc., by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 7(a)(4), submits her answer to the counterclaims of Defendants Biz Markie, Inc. and Jennifer Izumi ("Defendants' Counterclaims") (Dkt. 27) as follows:

### PARTIES

    1.  Plaintiff admits the allegations contained in paragraph 1 of Defendants' Counterclaims.

    2.  Plaintiff admits the allegations contained in paragraph 2 of Defendants' Counterclaims.

    3.  Plaintiff lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of Defendants' Counterclaims and therefore denies the allegations.

    4.  Plaintiff admits Defendant Jennifer Izumi ("Izumi") is an individual but lacks knowledge or information sufficient to form a belief about the truth of Izumi's residency alleged in paragraph 4 of Defendants' Counterclaims and therefore denies the allegation.

## JURISDICTION AND VENUE

5.   Plaintiff admits Section 1332 of Title 28 of the United States Code is one basis for jurisdiction, as alleged in paragraph 5 of Defendants' Counterclaims.

6.   Plaintiff admits the Court has supplemental jurisdiction over all claims pled under state law, as alleged in paragraph 6 of Defendants' Counterclaims.

7.   Plaintiff admits this Court has venue under Section 1391 of Title 28 of the United States Code.

## FACTS COMMON TO ALL COUNTS

8.   Plaintiff admits Defendants seek to reference a purported agreement in paragraph 8 of Defendants' Counterclaims but notes that such purported agreement is *not* attached to Defendants' Counterclaims. Plaintiff thus lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 8 of Defendants' Counterclaims and therefore denies the allegations.

9.   Plaintiff lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 9 of Defendants' Counterclaims and therefore denies the allegations.

10. Plaintiff lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 10 of Defendants' Counterclaims and therefore denies the allegations.

11. Plaintiff denies the allegations contained in paragraph 11 of Defendants' Counterclaims.

12. Plaintiff denies the allegations contained in paragraph 12 of Defendants' Counterclaims.

13. Plaintiff lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 13 of Defendants' Counterclaims and therefore denies the allegations.

14. Plaintiff lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 14 of Defendants' Counterclaims and therefore denies the allegations.

15. Plaintiff denies the allegations contained in paragraph 15 of Defendants' Counterclaims.

16. Plaintiff lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 16 of Defendants' Counterclaims and therefore denies the allegations.

17. Plaintiff admits Defendants seek to reference an allegation in the operative complaint. The allegation speaks for itself and, to the extent that Defendants seek to place that allegation out of context or imply something other than what is stated, Plaintiff denies the allegation.

18. Plaintiff denies the allegations contained in paragraph 18 of Defendants' Counterclaims.

19. Plaintiff denies the allegations contained in paragraph 19 of Defendants' Counterclaims.

20. Plaintiff denies the allegations contained in paragraph 20 of Defendants' Counterclaims.

21. Plaintiff denies the allegations contained in paragraph 21 of Defendants' Counterclaims.

22. Plaintiff denies the allegations contained in paragraph 22 of Defendants' Counterclaims.

## **CONVERSION**

23. Plaintiff incorporates by reference the responses of paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff denies the allegations contained in paragraph 24 of Defendants' Counterclaims.

25. Plaintiff lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 25 of Defendants' Counterclaims and therefore denies the allegations.

26. Plaintiff denies the allegations contained in paragraph 26 of Defendants' Counterclaims.

27. Plaintiff denies the allegations contained in paragraph 27 of Defendants' Counterclaims.

28. Plaintiff denies the allegations contained in paragraph 28 of Defendants' Counterclaims.

29. Plaintiff denies the allegations contained in paragraph 29 of Defendants' Counterclaims.

Plaintiff denies the allegations following paragraph 29 of Defendants' Counterclaims.

## **UNJUST ENRICHMENT**

30. Plaintiff incorporates by reference the responses of paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff denies the allegations contained in paragraph 31 of Defendants' Counterclaims.

32. Plaintiff denies the allegations contained in paragraph 32 of Defendants' Counterclaims.

33. Plaintiff denies the allegations contained in paragraph 33 of Defendants' Counterclaims.

34. Plaintiff denies the allegations contained in paragraph 34 of Defendants' Counterclaims.

35. Plaintiff denies the allegations contained in paragraph 35 of Defendants' Counterclaims.

Plaintiff denies the allegations following paragraph 35 of Defendants' Counterclaims.

**PRAYER FOR RELIEF**

Plaintiff denies the allegations following paragraph 35 of Defendants' Counterclaims.

As to any allegations contained in Defendants' Counterclaims not specifically admitted, denied, or discussed, Plaintiff hereby denies said allegations, including any allegations contained in the Counterclaims' preamble, headings, subheadings, and wherefore clauses.

**AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

Without assuming the burden of proof where it otherwise rests with Defendants, Plaintiff pleads the following affirmative defenses to Defendants' Counterclaims. Plaintiff reserves the right to plead additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

### First Affirmative Defense

Defendants fail to state a claim upon which relief for conversion can be granted. Among other things, Defendants fail to allege their own rightful ownership, right to possess or control, or other cognizable legal interest in the property in question. Defendants also fail to allege that Plaintiff is not entitled to the property in question and fail to identify a specific sum or amount. They fail, too, to allege sufficient factual content to support their allegation that Plaintiff's purported conduct was intentional, without justification, wanton, reckless, or done with willful disregard, ill will, evil motive, or actual malice. Defendants' claim for conversion therefore is not legally cognizable.

### Second Affirmative Defense

Defendants fail to state a claim upon which relief for unjust enrichment can be granted. Among other things, Defendants fail to allege that they conferred a benefit on Plaintiff, identify precisely what benefit they conferred on Plaintiff, or allege with sufficient factual content how Plaintiff's purported retention of an unidentified benefit is unjust. Defendants' claim for unjust enrichment is thus not legally cognizable.

### Third Affirmative Defense

To the extent that a valid and enforceable agreement exists between the parties as Defendants allege, Defendants' claim for unjust enrichment necessarily fails.

### Fourth Affirmative Defense

Plaintiff did not unlawfully convert anything; either one or both Defendants did. Defendants' claim for conversion thus fails.

**Fifth Affirmative Defense**

Plaintiff is not unjustly enriched; Defendants are. Defendants' claim for unjust enrichment thus fails.

**Sixth Affirmative Defense**

Defendants' Counterclaims are barred or limited by the doctrine of unclean hands because either one of them or both committed wrongful acts, including fraud, misrepresentation, or other wrongful conduct, as detailed in Plaintiff's operative complaint, such that Defendants cannot use the court system to gain any advantage over Plaintiff, who herself has been harmed by Defendants' own wrongful conduct.

**Seventh Affirmative Defense**

Defendants' Counterclaims are barred or limited because any alleged damages were caused, in whole or in part, by the acts or omissions of Defendants or third parties.

**Eighth Affirmative Defense**

Defendants' Counterclaims are barred or limited as a result of the doctrine of estoppel based on Defendants' own wrongful conduct, as alleged in Plaintiff's operative complaint.

**Ninth Affirmative Defense**

Defendants' Counterclaims fail because Defendants did not suffer any damages.

**Tenth Affirmative Defense**

Defendants' Counterclaims are barred or limited because Plaintiff acted and performed her duties lawfully as personal representative of the estate of Marcel Theo Hall and as Mr. Hall's lawful heir.

**Eleventh Affirmative Defense**

The value of funds due and owing to Plaintiff, including but not limited to that subject to the alleged Agreement or any other agreement between Mr. Hall and Defendants, should be set off against any award granted Defendants in this action.

DATED: October  18, 2022

Respectfully Submitted,

*/s/ Benjamin E. Horowitz*
Benjamin E. Horowitz
 D.C. Bar No. 1017262
VENABLE LLP
600 Massachusetts Avenue
Washington, D.C. 20001
(202) 344-4494
BEHorowitz@venable.com

Alan S. Clarke (admitted *pro hac vice*)
Greenspoon Marder LLP
Promenade II
1230 Peachtree Street, NE, Suite 1900
Atlanta, GA 30303
(404) 816-9800
Alan.Clarke@gmlaw.com
*Attorneys for Plaintiff*