IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCEL THEO HALL, and derivatively on behalf of Biz Markie, Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>BIZ MARKIE, INC., a Washington, D.C. corporation, and JENNIFER IZUMI, individually,<br><br>    Defendants. | CASE NO: 1:22-cv-00806 |

**CONSENT NOTICE OF WITHDRAWAL OF PARAGRAPHS 34 AND 113
OF THE AMENDED COMPLAINT**

In its February 9, 2023 Minute Order, this Court ordered Plaintiff to "submit briefing addressing why she is the appropriate party-in-interest (i.e., has standing) to contest the life insurance policies allegedly at issue. As part of the briefing, she shall clarify by what legal authority she has become personal representative of Mr. Hall's estate." The Court granted in part Plaintiff's Unopposed Motion for Extension of Time on March 23 (Dkt. No. 36), such that Plaintiff's briefing is due on April 10. Plaintiff submits this Consent Notice of Withdrawal of Paragraphs 34 and 113 of the Amended Complaint as her responsive briefing.

Paragraph 34 of the Complaint states, "In or about 2015, Mr. Hall purchased two $500,000 life insurance policies from Northwestern Mutual Life Insurance Company, and, while he was alive, named his three nephews and niece as the sole beneficiaries. However, the month after he was married, in or about November 2018, Defendant Izumi covertly applied to change the ownership of the policies to one of her solely owned corporations, Balancing Acts, Inc., with

herself as the sole beneficiary of one of the policies and 40% beneficiary of the other, reducing Mr. Hall's nephews' and niece's percentage to 20% each. These changes went into effect on January 24, 2019 – three (3) months after his wedding, and without his knowledge or consent." In Count 8, Paragraph 113 avers, as one of Plaintiff's numerous claims for Conversion, "Further, Defendant Izumi covertly applied to change the ownership of two $500,000 life insurance policies purchased by Mr. Hall to a) one of her solely owned corporations, and b) herself as the sole beneficiary depriving Mr. Hall of their cash surrender values."

As noted, in the Complaint Plaintiff alleges as damages the cash surrender values of the life insurance policies. In light of the amount in controversy with regard to the insurance policy claim and the amount of the fees associated with litigating it, Plaintiff has determined to withdraw this claim from her Complaint, has consulted with counsel for Defendants and Defendants have consented.

For all of the above reasons, Plaintiff submits this Consent Notice of Withdrawal of Paragraphs 34 and 113 of the Amended Complaint.

DATED this 30th day of March 2023.

Respectfully submitted,

*/s/ Alan S. Clarke*
Alan S. Clarke (*Pro hac vice* admitted)
GREENSPOON MARDER LLP
Promenade II
1230 Peachtree Street, NE
Suite 1900
Atlanta, GA 30303
(404) 816-9800
Alan.Clarke@gmlaw.com

-and-

Benjamin E. Horowitz
(D.C. Bar No. 1017262)

VENABLE LLP<br>
600 Massachusetts Avenue<br>
Washington, D.C. 20001<br>
(202) 344-4494<br>
BEHorowitz@venable.com<br>
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March 2023, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Alan S. Clarke*