UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCEL THEO HALL, and derivatively on behalf of Biz Markie, Inc.,<br><br>　　　Plaintiff,<br><br>vs.<br><br>BIZ MARKIE, INC., a Washington, D.C. corporation, and JENNIFER IZUMI, individually,<br><br>　　　Defendants. | **DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No.: 1:22-cv-00806-CKK |

　　　This case is Tara Hall's attempt to posthumously take from Jennifer Izumi and Biz Markie, Inc. ("BMI") what Marcel Hall intentionally chose not to give Tara during his lifetime.[1] The Halls were married in October 2018. Four months later, Marcel was already contemplating divorce. He wanted to keep his finances and career separate from his marriage. Tara Hall contravened his wishes and took surreptitious steps to gain control of both his finances and career. Marcel Hall stopped her. While Marcel had just married Tara, Marcel by then had a 20-year business relationship with Jennifer Izumi, and an agreement with Izumi about how the two would together run the business of "Biz Markie." Marcel agreed with Izumi in 2015 that the two would run that business through BMI, and that Izumi would own 51% of BMI and Marcel would own 49%. Izumi and Marcel successfully ran their business that way for years. And their agreement is confirmed by disinterested witness testimony and a notarized document that Marcel signed for BMI to obtain a bank loan in 2019. But, frustrated with Marcel Hall's choice to keep

---

[1] For clarity and brevity, Izumi and BMI (collectively "Defendants") will refer to the Halls by their first names.

1

her out of his finances and career, Tara Hall's claims seek to disregard Marcel's agreement with Izumi/BMI. Tara Hall's claims seek to impose liability on Defendants and recover damages as though Marcel never had *any* agreement with Izumi. The law simply does not support Tara's posthumous attempt to take Marcel's own choices and convert them into torts and other alleged wrongs by Defendants.

Defendants seek summary judgment disposing of all of Tara Hall's claims, leaving only Defendants' counterclaims to be tried. Summary judgment on all of Tara Hall's claims is appropriate because:

- Tara Hall has not disclosed any damages calculations as Fed. R. Civ. P. 26 requires. The only damage calculation she has disclosed is premised on purported expert testimony about what a typical entertainment industry manager earns percentage-wise from the artist being managed. That expert testimony is neither admissible nor relevant when – as here – the parties have an actual agreement.

- Corporate law bars all of Tara Hall's claims. Tara Hall stands in Marcel's shoes as administrator of his estate. Tara's claims are all premised on alleged harm to Marcel by BMI or in Marcel's capacity as a BMI shareholder. Tara cannot sue on such claims because Marcel himself could not. A shareholder cannot sue over corporate acts in which he participated, acts he acquiesced to, or acts he ratified. That describes all of the acts forming the basis of Tara Hall's claims.

- Laches bars all of Tara Hall's claims. Tara's claims complain of conduct back to 2015. Marcel knew of the conduct at issue and did not sue. Instead, this lawsuit only started *after* Marcel's passing. His passing prejudices Izumi because his absence makes it more difficult to defend. Had Marcel been available, he could have testified to the parties' agreements, his consent, etc. As such, the Court should conclude that Tara Hall's delay has prejudiced Izumi, and that laches therefore bars Tara Hall's claims.

- Tara Hall's intellectual property claims fail if either of the two pillars on which the claims are based collapse: (1) that Marcel Hall owned the "Biz Markie" trademark; or (2) BMI did not have permission to use the mark, assuming Marcel Hall owned it. Tara's claims here *do* fail because it is her burden to prove that Marcel owned the "Biz Markie" mark and she lacks any admissible evidence to do so. And the claims fail for the related reason that it is BMI that owned the mark – and was free to use it; and that even were that not the case, BMI at a minimum had permission to use the mark.

2

- Tara Hall's remaining claims relate to allegations that Izumi supposedly breached some duty by using a Maryland Form Statutory Power of Attorney ("POA") that Marcel executed designating Izumi his attorney-in-fact. These claims fail because Tara Hall lacks evidence that the POA was used in any transaction.

For the foregoing reasons, the Court should grant summary judgment disposing of all of Tara Hall's affirmative claims.

Defendants also request an award of their attorneys' fees pursuant to 15 U.S.C. § 1117(a), with the amount of the fee award to be set upon further application after compliance with LCvR 54.2. This motion is supported by Defendants' Separate Statement of Undisputed Facts and Memorandum of Points and Authorities, both simultaneously submitted herewith.

Dated: October 11, 2024

Respectfully submitted,

/s/ *Dayna Cooper*

Dayna C. Cooper (D.C. Bar. No. 1033851)
Cooper Legal, LLC
1 Olympic Pl, Suite 900
Towson, MD 21204
(202)'642.5470
Dayna@CooperLegalSolutions.com

3