# **EXHIBIT 11**

**IN THE ORPHANS COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND**

| | | |
|---|---|---|
| Estate of Marcel Theo Hall, | * | |
|     Plaintiff, | * | Estate No. 121806 |
| v. | * | Date of Death: July, 16, 2021 |
| | * | |
| Jennifer D. Izumi a/k/a, | * | |
| Jenni D. Izumi | * | |
| 1905 -15th Street, Apt. 32 | * | |
| Washington, DC 20009-3924 | * | FILED |
| | * | |
| Defendant. | * | OCT 15 2021 |
| | * | REGISTER OF WILLS PRINCE GEORGE'S COUNTY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

TO THE HONORABLE, THE JUDGES OF SAID COURT:

**COMES NOW THE PLAINTIFF,** Tara Hall, in her capacity as the Personal Representative (the "Personal Representative" or "Plaintiff") of the Estate of Marcel Theo Hall (the "Estate"), by and through her attorney, Janelle Ryan-Colbert, Esq. and Colbert Law Firm, LLC and does hereby file this Complaint. In support of this Complaint, she represents unto this Honorable Court the following:

**BACKGROUND**

1. Plaintiff, Tara Hall, is the Personal Representative of the Estate. Plaintiff was the wife of the Marcel Theo Hall (the "Deceased") at the time of his death.
2. The Deceased, a rapper, musical performer, artist, DJ, and producer, was known professionally as Biz Markie.
3. Ms. Jennifer D. Izumi is a business associate of the Deceased and is his former business manager. Defendant acted as the Financial Power of Attorney from May 28, 2018, until the date of his death. See **Exhibit A**, (the "Power of Attorney"). During


DOCKETED # 12
SCANNED

-1-

some of this time, the Deceased was incapacitated and unable to make financial decisions on his own behalf (the "Period of Incapacitation").

4. During the Period of Incapacitation, Defendant engaged in numerous financial and corporate transactions that directly benefited Defendant, to the detriment of the financial well-being of the Deceased. These actions were not authorized by the Deceased, as he was unable to make financial decisions during the Period of Incapacitation. These financial and corporate transactions include the following:

   a. **Defendant Used the POA to Change the Payee of Biz Markie Incorporated's Royalty Account.** Defendant produced an unsigned stockholder's agreement alleging that she and the Deceased were 51% and 49% owners, respectively, in Biz Markie, Incorporated, a corporation duly incorporated in Washington DC. Biz Markie Incorporated is the corporate entity through which the Deceased's professional activities were performed, including the collection of music royalties. Biz Markie Incorporated received a significant stream of revenue through its contract with Warner Bros Entertainment, which amounted to tens of thousands of dollars yearly. In early 2019, Warner Bros. Entertainment received a Letter of Direction changing the payee on the royalty account from Biz Markie Incorporated to Balancing Acts, Inc. Upon information and belief, the Letter of Direction was signed by Defendant in her capacity as the Deceased's Power of Attorney. Defendant is the sole owner of Balancing Acts, Inc. The Deceased did not agree to this change. Upon information and belief, Defendant intentionally made these changes to defraud the Decedent, and upon information and

Hall_JRH_06456

belief she has done the same with other streams of revenue that belong to Biz Markie Incorporated.

b. **Defendant Amended the Stockholder's Agreement of Biz Markie Incorporated.** After the passing of the Deceased, Defendant claimed that the 49% interest in Biz Markie Incorporated held by the Deceased passed automatically to Defendant pursuant to the terms of the Stockholder Agreement. To facilitate her claim, Defendant provided an unsigned Stockholder's Agreement dated May 19, 2021. Upon information and belief, Defendant is attempting to obtain 100% interest in Biz Markie Incorporated by amending the Stockholder's Agreement in her capacity as the Power of Attorney. It is unknown to Plaintiff whether a signed Shareholder's Agreement exists, as Defendant has refused to provide the same.

c. **Defendant Improperly Utilized Biz Markie Incorporated's Accounts.** The Estate is the rightful owner of at least a 49% interest in Biz Markie Incorporated. Pursuant to her claim that she is the 100% owner of Biz Markie Incorporated, however, Defendant has continued to engage in numerous transactions on behalf of the corporation, many of which are self-serving. These transactions include payments to Balancing Acts, Inc., her 100% owned corporation. To date, Defendant is refusing to provide Plaintiff any financial information relating to Biz Markie Incorporated.

d. **Defendant Amended the Beneficiaries of the Deceased's Life Insurance Policy.** The Deceased was the holder of life insurance Policy Number 21455316 (the "Insurance Policy") issued by Northwestern Mutual

Hall_JRH_06457

Insurance. On May 23, 2018, the beneficiaries of the insurance policy were amended as follows: 20% Jeremiah Watson, 20% Jermire R. Hall, 20% Maleeah R. Hall, and 40% Jennifer D. Izumi. This change was made within days of when the Power of Attorney was signed. Upon information and belief, Defendant amended the Insurance Policy to include herself or increase her share of the life insurance proceeds.

e. **Defendant Engaged in Potentially Fraudulent Transactions During the Period of Incapacitation.** A review of the Deceased's personal financial accounts during the Period of Incapacitation shows numerous potentially fraudulent transactions, such as cash withdrawals and debt card purchases. Despite requests by the Personal Representative, Defendant has failed to identify the nature of these transactions. Upon information and belief, Defendant engaged in personal transactions utilizing the Deceased's accounts not only during the period of incapacitation, but also after the Decedent passed away.

f. **Defendant Utilized the Deceased's Financial Accounts After his Death.** The Deceased passed on July 16, 2021. Upon information and belief, Defendant continued to utilize the personal financial accounts of the Deceased after his death, when the Power of Attorney expired (collectively, the "Fraudulent Transactions").

## COUNT ONE: BREACH OF POWER OF ATTORNEY

5. Plaintiff hereby incorporates paragraphs 1 through 4 of this Complaint herein by reference.

Hall_JRH_06458

6. Defendant signed the Power of Attorney agreeing to abide by its express terms.
7. Page 12 of the Power of Attorney states:
    a. "An Attorney-in-Fact that is not my ancestor, spouse, or descendant MAY NOT use my power to benefit the Attorney-in-Fact or a person to whom the Attorney-in-Fact owes an obligation of support unless I have included that authority in the Special Instructions." Emphasis in original.
8. The "Special Instructions" section on page 12 of the Power of Attorney is blank. Defendant is not an ancestor, spouse, or descendant of the Deceased.
9. The Fraudulent Transactions financially benefited Defendant directly, as further explained above.
10. The Plaintiff suffered damages as a result of this breach because the money and property taken by Defendant in the Fraudulent Transactions are property of the Estate.
11. Therefore, by engaging in the Fraudulent Transactions, Defendant violated the express terms of the Power of Attorney.

## COUNT TWO: BREACH OF FIDUCIARY DUTY

12. Plaintiff hereby incorporates paragraphs 1 through 11 of this Complaint herein by reference.
13. Defendant acted in the capacity as an agent of the Deceased, pursuant to the authority granted by the Deceased to Defendant through the Power of Attorney.
14. As an agent, Defendant owed a fiduciary duty to the Deceased. This means that all actions by Defendant must have been carried out in good faith, and Defendant must have acted with care, skill, and diligence for the sole benefit of the Deceased.

Hall_JRH_06459

15. Defendant breached this duty by entering into the Fraudulent Transactions. The Fraudulent Transactions were not entered into in good faith, nor were they done for the sole benefit of the Deceased. In fact, the Fraudulent Transactions were entered into by the Deceased with her sole interest in mind and benefited her directly.
16. The Deceased suffered damages as a result of this breach because the money and property taken by Defendant in the Fraudulent Transactions are property of the Estate.
17. Therefore, by engaging in the Fraudulent Transactions, Defendant breached her duty to act as a fiduciary to the Deceased.

### **COUNT THREE: FRAUD**

18. Plaintiff hereby incorporates paragraphs 1 through 17 of this Complaint herein by reference.
19. By signing the Power of Attorney, Defendant made a representation of fact that she would abide by the terms of the form and act as a fiduciary in the best interests of the Deceased.
20. By doing so, Defendant intended for the Deceased to rely on such statements. The Deceased was justified in relying on such statements.
21. Upon information and belief, however, Defendant intended to utilize her powers under the Power of Attorney to act in her own self-interest and for her financial benefit by looting the assets of the Deceased.
22. The Deceased suffered damages as a result of this breach because the money and property taken by Defendant in the Fraudulent Transactions are property of the Estate.

Hall_JRH_06460

23. Therefore, by engaging in the Fraudulent Transactions through the authority granted by the Deceased by the Power of Attorney, the Defendant has committed fraud.

### COUNT FOUR: TRESPASS AND CONVERSION

24. Plaintiff hereby incorporates paragraphs 1 through 23 of this Complaint herein by reference.

25. The property transferred in the Fraudulent Transactions was property of the Deceased, and now the Estate.

26. By abusing her powers under the Power of Attorney, Defendant deprived the Deceased and the Estate of their right to said property. Defendant had no prior right or title to the property taken.

27. To date, Defendant retains control of said property, which amounts to a trespass on and/or conversion of said property.

### PRAYER FOR RELEIF

WHEREFORE, the premises considered, Plaintiff, Tara Hall, as Personal Representative of the Estate of Marcel Theo Hall, respectfully prays to this Honorable Court for the following relief:

A. For a declaration that the Defendant, Jennifer D. Izumi:

    a. Violated her authority under the Power of Attorney;

    b. Breached the fiduciary duty she owed to the Deceased;

    c. Engaged in fraud by entering into the Power of Attorney and the Fraudulent Transactions; and

Hall_JRH_06461

    d. Committed trespass and/or conversion through the Fraudulent Transactions;

B. For compensatory damages to Plaintiff in an amount to be proven at trial;

C. For punitive damages to Plaintiff in an amount to be determined at trial;

D. For interest on such compensation and damages, including pre and post judgment interest;

E. For an Order enjoining Defendant from engaging in further unlawful or fraudulent acts at the expense of the Plaintiff;

F. For repayment to the Estate of all assets improperly removed by the Defendant;

G. For reasonable attorney fees incurred by Plaintiff in bringing this action; and

H. For such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

**THE COLBERT LAW FIRM, LLC**

By: _____

Janelle M. Ryan-Colbert, Esq.
3060 Mitchellville Rd., Suite 216
Bowie, MD 20716
(301) 576-6200- Office
(202) 380-9045- Fax
jrc@colbertlawfirm.net

-8-

## OATH

I SOLEMNLY declare and affirm, under the penalties of perjury, that the contents of the foregoing papers are true and correct to the best of my knowledge, information and belief.

_____     _11/11/21_
Tara Hall                                    Date

-1-