Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TARA HALL AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MARCEL THEO HALL,

      Plaintiff,

      v.

BIZ MARKIE, INC., *et al.*,

      Defendants.

Case No.: 1:22-cv-00806 (CKK)

## DECLARATION OF PETER C. NANOV

I, Peter C. Nanov, hereby declare:

1.      I am over the age of 18 years old and have personal knowledge of the facts stated herein and could and would competently testify thereto if called as a witness.

2.      I am counsel of record for the Plaintiff.

3.      Attached hereto as Exhibit 1 is a true and accurate copy of Biz Markie, Inc.'s trademark registration application for the "Biz Markie" mark, obtained from the United States Patent and Trademark Office's online records system, and available at:

https://tsdr.uspto.gov/documentviewer?caseId=sn88911105&docId=APP20200514091158&linkId=17#docIndex=16&page=1 (last visited on November 15, 2024).

4.      Attached hereto as Exhibit 2 is a true and accurate copy of Biz Markie, Inc.'s "Response to Office Action" in support of its trademark registration application for the "Biz Markie" mark, obtained from the United States Patent and Trademark Office's online records system, and available at:

https://tsdr.uspto.gov/documentviewer?caseId=sn88911105&docId=ROA20210209195246&link Id=11#docIndex=10&page=1 (last visited on November 15, 2024).

5.      Attached hereto as Exhibit 3 are excerpts from a true and accurate copy of Plaintiff's Answers to Defendants' Interrogatories in this matter.

6.      Attached hereto as Exhibit 4 are excerpts a true and accurate copy of Plaintiff's Responses to Defendants' First Request for Production of Documents in this matter.

7.      Attached hereto as Exhibit 5 are excerpts from a true and accurate copy of Plaintiff's Responses to Defendants' First Second for Production of Documents in this matter.

8.      Attached hereto as Exhibit 6 is a true and accurate copy of a document produced in this matter by Defendants reflecting the albums, singles, and compilations released by Marcel Theo Hall ("Mr. Hall") under his professional stage name "Biz Markie," as well as various photographs or drawings of Mr. Hall's likeness reflecting his use of the stage name and mark "Biz Markie."

9.      Attached hereto as Exhibit 7 is a compilation of material that I extracted from: Defendants' Exhibit 5, Exhibit J thereto; Defendants' Exhibit 5, Exhibit B thereto; Plaintiff's Exhibit H; and Defendants' Exhibit 5, Exhibit F thereto.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 18, 2024

_____

Peter C. Nanov

2

# Exhibit 1

## to Exhibit E

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 88911105**
**Filing Date: 05/11/2020**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88911105 |
| **MARK INFORMATION** | |
| *MARK | BIZ MARKIE |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | BIZ MARKIE |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | BIZ MARKIE, INC. |
| *MAILING ADDRESS | 1328 U Street, NW, Suite 1W |
| *CITY | Washington |
| *STATE (Required for U.S. applicants) | District of Columbia |
| *COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| *ZIP/POSTAL CODE (Required for U.S. and certain international addresses) | 20009 |
| *EMAIL ADDRESS | XXXX |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |
| STATE/COUNTRY/REGION/JURISDICTION/U.S. TERRITORY OF INCORPORATION | District of Columbia |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 009 |
| *IDENTIFICATION | CDs featuring music, downloadable music, downloadable music videos, music video recordings |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 016 |
| *IDENTIFICATION | printed matter, pens, pen cup holders, stickers, cards, books, journals, posters, web cam covers |
| FILING BASIS | SECTION 1(b) |

| | |
|---|---|
| INTERNATIONAL CLASS | 021 |
| *IDENTIFICATION | cups, mugs |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 025 |
| *IDENTIFICATION | clothing, headwear, footwear |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 028 |
| *IDENTIFICATION | toys, dolls, puzzles |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 035 |
| *IDENTIFICATION | online retail store services, advertising services, marketing services, business services |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 041 |
| *IDENTIFICATION | entertainment services, non-downloadable music, non-downloadable music videos |
| FILING BASIS | SECTION 1(b) |
| INTERNATIONAL CLASS | 042 |
| *IDENTIFICATION | providing a website allowing users to download music and music videos |
| FILING BASIS | SECTION 1(b) |
| **ATTORNEY INFORMATION** | |
| NAME | Duane M. Byers |
| ATTORNEY DOCKET NUMBER | 7073-0002 |
| ATTORNEY BAR MEMBERSHIP NUMBER | XXX |
| YEAR OF ADMISSION | XXXX |
| U.S. STATE/ COMMONWEALTH/ TERRITORY | XX |
| FIRM NAME | Nixon & Vanderhye PC |
| STREET | 901 N. Glebe Road, 11th Floor |
| CITY | Arlington |
| STATE | Virginia |
| COUNTRY/REGION/JURISDICTION/U.S. TERRITORY | United States |
| ZIP/POSTAL CODE | 22203 |
| PHONE | 703-786-7421 |
| EMAIL ADDRESS | nixonptomail@nixonvan.com |
| **CORRESPONDENCE INFORMATION** | |
| NAME | Duane M. Byers |
| PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE | nixonptomail@nixonvan.com |
| SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES) | NOT PROVIDED |

| FEE INFORMATION | |
|---|---|
| APPLICATION FILING OPTION | TEAS Standard |
| NUMBER OF CLASSES | 8 |
| APPLICATION FOR REGISTRATION PER CLASS | 275 |
| *TOTAL FEES DUE | 2200 |
| *TOTAL FEES PAID | 2200 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /dmb/ |
| SIGNATORY'S NAME | Duane M. Byers |
| SIGNATORY'S POSITION | Attorney of record, Virginia bar member |
| SIGNATORY'S PHONE NUMBER | 703-786-7421 |
| DATE SIGNED | 05/11/2020 |

Under the Paperwork Reduction Act of 1995 no persons are required to respond to a collection of information unless it displays a valid OMB control number.
PTO Form 1478 (Rev 09/2006)
OMB No. 0651-0009 (Exp 02/28/2021)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 88911105**
**Filing Date: 05/11/2020**

### To the Commissioner for Trademarks:

**MARK:** BIZ MARKIE (Standard Characters, see mark)
The literal element of the mark consists of BIZ MARKIE. The mark consists of standard characters, without claim to any particular font style, size, or color.
The applicant, BIZ MARKIE, INC., a corporation of District of Columbia, having an address of
    1328 U Street, NW, Suite 1W
    Washington, District of Columbia 20009
    United States
    XXXX

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

International Class 009:  CDs featuring music, downloadable music, downloadable music videos, music video recordings
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 016:  printed matter, pens, pen cup holders, stickers, cards, books, journals, posters, web cam covers
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 021:  cups, mugs
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 025:  clothing, headwear, footwear
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 028:  toys, dolls, puzzles
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 035:  online retail store services, advertising services, marketing services, business services
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 041:  entertainment services, non-downloadable music, non-downloadable music videos
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

International Class 042:  providing a website allowing users to download music and music videos
Intent to Use: The applicant has a bona fide intention, and is entitled, to use the mark in commerce on or in connection with the identified goods/services.

The owner's/holder's proposed attorney information: Duane M. Byers. Duane M. Byers of Nixon & Vanderhye PC, is a member of the XX bar, admitted to the bar in XXXX, bar membership no. XXX, is located at
    901 N. Glebe Road, 11th Floor

Arlington, Virginia 22203
United States
703-786-7421(phone)
nixonptomail@nixonvan.com
The docket/reference number is 7073-0002.
Duane M. Byers submitted the following statement: The attorney of record is an active member in good standing of the bar of the highest court of a U.S. state, the District of Columbia, or any U.S. Commonwealth or territory.
The applicant's current Correspondence Information:

 Duane M. Byers

 PRIMARY EMAIL FOR CORRESPONDENCE: nixonptomail@nixonvan.com      SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED


**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the applicant owner/holder and the applicant owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).
A fee payment in the amount of $2200 has been submitted with the application, representing payment for 8 class(es).

**Declaration**

☑ **Basis:**
**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /dmb/   Date: 05/11/2020
Signatory's Name: Duane M. Byers
Signatory's Position: Attorney of record, Virginia bar member
Payment Sale Number: 88911105
Payment Accounting Date: 05/11/2020

Serial Number: 88911105
Internet Transmission Date: Mon May 11 23:32:46 ET 2020
TEAS Stamp: USPTO/BAS-XXX.XX.XXX.XX-2020051123324646
8778-88911105-710f87bbad0a08292eb09c6471

65fec928b6756f81236a91d6973c41e92bf1ca-C
C-32441811-20200511232250731887

# BIZ MARKIE

# Exhibit 2

## to Exhibit E

PTO- 1957
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

# Response to Office Action

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 88911105 |
| **LAW OFFICE ASSIGNED** | LAW OFFICE 104 |
| **MARK SECTION** | |
| **MARK** | mark |
| **LITERAL ELEMENT** | BIZ MARKIE |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font style, size or color. |
| **GOODS AND/OR SERVICES SECTION (009) (current)** | |
| **INTERNATIONAL CLASS** | 009 |
| **DESCRIPTION** | |
| CDs featuring music, downloadable music, downloadable music videos, music video recordings | |
| **FILING BASIS** | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (009) (proposed)** | |
| **INTERNATIONAL CLASS** | 009 |
| **TRACKED TEXT DESCRIPTION** | |
| ~~CDs featuring music, downloadable music, downloadable music videos, music video recordings~~; Pre-recorded CDs featuring music; downloadable music files; downloadable music videos; music video recordings; protective covers for webcams. | |
| **FINAL DESCRIPTION** | |
| Pre-recorded CDs featuring music; downloadable music files; downloadable music videos; music video recordings; protective covers for webcams. | |
| WEBPAGE URL | None Provided |
| WEBPAGE DATE OF ACCESS | None Provided |
| **FILING BASIS** | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (016) (current)** | |
| **INTERNATIONAL CLASS** | 016 |
| **DESCRIPTION** | |
| printed matter, pens, pen cup holders, stickers, cards, books, journals, posters, web cam covers | |
| **FILING BASIS** | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (016) (proposed)** | |
| **INTERNATIONAL CLASS** | 016 |

| TRACKED TEXT DESCRIPTION | |
|---|---|
| ~~printed matter, pens, pen cup holders, stickers, cards, books, journals, posters, web cam covers~~; Printed matter, namely, magazines and books in the field of music; pens; pen cup holders; stickers; blank cards, greeting cards, note cards; blank writing journals. | |
| **FINAL DESCRIPTION** | |
| Printed matter, namely, magazines and books in the field of music; pens; pen cup holders; stickers; blank cards, greeting cards, note cards; blank writing journals. | |
| WEBPAGE URL | None Provided |
| WEBPAGE DATE OF ACCESS | None Provided |
| **FILING BASIS** | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (021) (current)** | |
| INTERNATIONAL CLASS | 021 |
| DESCRIPTION | cups, mugs |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (021) (proposed)** | |
| INTERNATIONAL CLASS | 021 |
| **TRACKED TEXT DESCRIPTION** | |
| ~~cups, mugs~~; Cups, mugs. | |
| **FINAL DESCRIPTION** | Cups, mugs. |
| WEBPAGE URL | None Provided |
| WEBPAGE DATE OF ACCESS | None Provided |
| **FILING BASIS** | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (025) (current)** | |
| INTERNATIONAL CLASS | 025 |
| DESCRIPTION | clothing, headwear, footwear |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (025) (proposed)** | |
| INTERNATIONAL CLASS | 025 |
| **TRACKED TEXT DESCRIPTION** | |
| ~~clothing, headwear, footwear~~; Clothing, namely, shirts, sweatshirts, shorts, pants, jackets, socks; headwear; footwear. | |
| **FINAL DESCRIPTION** | |
| Clothing, namely, shirts, sweatshirts, shorts, pants, jackets, socks; headwear; footwear. | |
| WEBPAGE URL | None Provided |
| WEBPAGE DATE OF ACCESS | None Provided |
| **FILING BASIS** | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (028) (current)** | |
| INTERNATIONAL CLASS | 028 |
| DESCRIPTION | toys, dolls, puzzles |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (028) (proposed)** | |

| INTERNATIONAL CLASS | 028 |
|---|---|
| **TRACKED TEXT DESCRIPTION** | |
| ~~toys, dolls, puzzles~~; <u>Dolls, puzzles.</u> | |
| FINAL DESCRIPTION | Dolls, puzzles. |
|    WEBPAGE URL | None Provided |
|    WEBPAGE DATE OF ACCESS | None Provided |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (035) (current)** | |
| INTERNATIONAL CLASS | 035 |
| **DESCRIPTION** | |
| online retail store services, advertising services, marketing services, business services | |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (035) (proposed)** | |
| INTERNATIONAL CLASS | 035 |
| **TRACKED TEXT DESCRIPTION** | |
| ~~online retail store services, advertising services, marketing services, business services~~; <u>Online retail store services featuring CDs containing music, music video recordings, protective covers for webcams, magazines and books in the field of music, pens, pen cup holders, stickers, blank cards, greeting cards, note cards, blank writing journals, shirts, sweatshirts, shorts, pants, jackets, socks, headwear, footwear, dolls, puzzles</u>; <u>advertising services</u>; <u>marketing services</u>; <u>business services, namely, business administration services.</u> | |
| **FINAL DESCRIPTION** | |
| Online retail store services featuring CDs containing music, music video recordings, protective covers for webcams, magazines and books in the field of music, pens, pen cup holders, stickers, blank cards, greeting cards, note cards, blank writing journals, shirts, sweatshirts, shorts, pants, jackets, socks, headwear, footwear, dolls, puzzles; advertising services; marketing services; business services, namely, business administration services. | |
|    WEBPAGE URL | None Provided |
|    WEBPAGE DATE OF ACCESS | None Provided |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (041) (current)** | |
| INTERNATIONAL CLASS | 041 |
| **DESCRIPTION** | |
| entertainment services, non-downloadable music, non-downloadable music videos | |
| FILING BASIS | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (041) (proposed)** | |
| INTERNATIONAL CLASS | 041 |
| **TRACKED TEXT DESCRIPTION** | |
| ~~entertainment services, non-downloadable music, non-downloadable music videos~~; <u>Entertainment services, namely, pod casts, recorded and live musical performances</u>; <u>providing non-downloadable pre-recorded music on-line via a global computer network</u>; <u>providing non-downloadable pre-recorded music videos on-line via a global computer network.</u> | |
| **FINAL DESCRIPTION** | |
| Entertainment services, namely, pod casts, recorded and live musical performances; providing non-downloadable pre-recorded music on-line via a global computer network; providing non-downloadable pre-recorded music videos on-line via a global computer network. | |
|    WEBPAGE URL | None Provided |

| | |
|---|---|
| **WEBPAGE DATE OF ACCESS** | None Provided |
| **FILING BASIS** | Section 1(b) |
| **GOODS AND/OR SERVICES SECTION (042) (no change)** | |
| **ADDITIONAL STATEMENTS SECTION** | |
| **DISCLAIMER** | No claim is made to the exclusive right to use "BIZ" in International Class 35 apart from the mark as shown. |
| **NAME(S), PORTRAITS(S), SIGNATURE(S) OF INDIVIDUAL(S)** | The name(s), portrait(s), and/or signature(s) shown in the mark identifies BIZ MARKIE, whose consent(s) to register is made of record. |
| **CONSENT FILE NAME(S)** | |
| **ORIGINAL PDF FILE** | consent-1485923187-140810 247_._to_registration_of_name_as_a_trademark_filed_8_February_2021.pdf |
| **CONVERTED PDF FILE(S) (1 page)** | \\TICRS\EXPORT18\IMAGEOUT 18\889\111\88911105\xml6\ ROA0002.JPG |
| **ORIGINAL PDF FILE** | consent-1485923187-140810 247_._egistration_of_name_as_a_trademark_filed_8_F ebruary_2021_-_2.pdf |
| **CONVERTED PDF FILE(S) (1 page)** | \\TICRS\EXPORT18\IMAGEOUT 18\889\111\88911105\xml6\ ROA0003.JPG |
| **CORRESPONDENCE INFORMATION (current)** | |
| **NAME** | DUANE M. BYERS |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | nixonptomail@nixonvan.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **DOCKET/REFERENCE NUMBER** | 7073-0002 |
| **CORRESPONDENCE INFORMATION (proposed)** | |
| **NAME** | Duane M. Byers |
| **PRIMARY EMAIL ADDRESS FOR CORRESPONDENCE** | nixonptomail@nixonvan.com |
| **SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES)** | NOT PROVIDED |
| **DOCKET/REFERENCE NUMBER** | 7073-0002 |
| **SIGNATURE SECTION** | |
| **RESPONSE SIGNATURE** | /dmb/ |
| **SIGNATORY'S NAME** | Duane M. Byers |
| **SIGNATORY'S POSITION** | Attorney of record, Virginia bar member |
| **SIGNATORY'S PHONE NUMBER** | 7037867421 |
| **DATE SIGNED** | 02/08/2021 |
| **ROLE OF AUTHORIZED SIGNATORY** | Authorized U.S.-Licensed Attorney |
| **SIGNATURE METHOD** | Signed directly within the form |
| **FILING INFORMATION SECTION** | |
| **SUBMIT DATE** | Mon Feb 08 14:24:43 ET 2021 |
| **TEAS STAMP** | USPTO/ROA-XXX.XX.XXX.XX-2 0210208142443059375-88911 105-76079eedd329d275dcaba 2ef69e2299433e24e279b5da1 c50e3a1ab8b80ff649141-N/A |

| -N/A-20210208140810247083 |
|---|

PTO- 1957
Approved for use through 11/30/2023. OMB 0651-0050
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number

**Response to Office Action**

## To the Commissioner for Trademarks:

Application serial no. **88911105** BIZ MARKIE(Standard Characters, see https://tmng-al.uspto.gov/resting2/api/img/88911105/large) has been amended as follows:

**CLASSIFICATION AND LISTING OF GOODS/SERVICES**

**Applicant proposes to amend the following:**

**Current:**
Class 009 for CDs featuring music, downloadable music, downloadable music videos, music video recordings
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

**Proposed:**

**Tracked Text Description:** ~~CDs featuring music, downloadable music, downloadable music videos, music video recordings~~; <u>Pre-recorded CDs featuring music</u>; <u>downloadable music files</u>; <u>downloadable music videos</u>; <u>music video recordings</u>; <u>protective covers for webcams.</u>

Class 009 for Pre-recorded CDs featuring music; downloadable music files; downloadable music videos; music video recordings; protective covers for webcams.
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant proposes to amend the following:**

**Current:**
Class 016 for printed matter, pens, pen cup holders, stickers, cards, books, journals, posters, web cam covers
**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a

bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

**Proposed:**

**Tracked Text Description:** ~~printed matter, pens, pen cup holders, stickers, cards, books, journals, posters, web cam covers~~; <u>Printed matter, namely, magazines and books in the field of music</u>; <u>pens</u>; <u>pen cup holders</u>; <u>stickers</u>; <u>blank cards, greeting cards, note cards</u>; <u>blank writing journals.</u>

Class 016 for Printed matter, namely, magazines and books in the field of music; pens; pen cup holders; stickers; blank cards, greeting cards, note cards; blank writing journals.

**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant proposes to amend the following:**

**Current:**

Class 021 for cups, mugs

**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

**Proposed:**

**Tracked Text Description:** ~~cups, mugs~~; <u>Cups, mugs.</u>

Class 021 for Cups, mugs.

**Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**Applicant proposes to amend the following:**

**Current:**
Class 025 for clothing, headwear, footwear
**Filing Basis: Section 1(b), Intent to Use:** ***For a trademark or service mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. ***For a collective trademark, collective service mark, or collective membership mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. ***For a certification mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.


**Proposed:**

**Tracked Text Description:** ~~clothing, headwear, footwear~~; Clothing, namely, shirts, sweatshirts, shorts, pants, jackets, socks; headwear; footwear.

Class 025 for Clothing, namely, shirts, sweatshirts, shorts, pants, jackets, socks; headwear; footwear.
**Filing Basis: Section 1(b), Intent to Use:** ***For a trademark or service mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. ***For a collective trademark, collective service mark, or collective membership mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. ***For a certification mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided


**Applicant proposes to amend the following:**

**Current:**
Class 028 for toys, dolls, puzzles
**Filing Basis: Section 1(b), Intent to Use:** ***For a trademark or service mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. ***For a collective trademark, collective service mark, or collective membership mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. ***For a certification mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.


**Proposed:**

**Tracked Text Description:** ~~toys, dolls, puzzles~~; Dolls, puzzles.

Class 028 for Dolls, puzzles.
**Filing Basis: Section 1(b), Intent to Use:** ***For a trademark or service mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. ***For a collective trademark, collective service mark, or collective membership mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. ***For a certification mark application:*** As of the application filing date, the

applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided


**Applicant proposes to amend the following:**

**Current:**
Class 035 for online retail store services, advertising services, marketing services, business services
**Filing Basis: Section 1(b), Intent to Use: *For a trademark or service mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. ***For a collective trademark, collective service mark, or collective membership mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. ***For a certification mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.


**Proposed:**

**Tracked Text Description:** ~~online retail store services, advertising services, marketing services, business services~~; <u>Online retail store services featuring CDs containing music, music video recordings, protective covers for webcams, magazines and books in the field of music, pens, pen cup holders, stickers, blank cards, greeting cards, note cards, blank writing journals, shirts, sweatshirts, shorts, pants, jackets, socks, headwear, footwear, dolls, puzzles</u>; <u>advertising services</u>; <u>marketing services</u>; <u>business services, namely, business administration services.</u>

Class 035 for Online retail store services featuring CDs containing music, music video recordings, protective covers for webcams, magazines and books in the field of music, pens, pen cup holders, stickers, blank cards, greeting cards, note cards, blank writing journals, shirts, sweatshirts, shorts, pants, jackets, socks, headwear, footwear, dolls, puzzles; advertising services; marketing services; business services, namely, business administration services.
**Filing Basis: Section 1(b), Intent to Use: *For a trademark or service mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. ***For a collective trademark, collective service mark, or collective membership mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. ***For a certification mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided


**Applicant proposes to amend the following:**

**Current:**
Class 041 for entertainment services, non-downloadable music, non-downloadable music videos
**Filing Basis: Section 1(b), Intent to Use: *For a trademark or service mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. ***For a collective trademark, collective service mark, or collective membership mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. ***For a certification mark application:*** As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification

standards of the applicant.

**Proposed:**

**Tracked Text Description:** ~~entertainment services, non-downloadable music, non-downloadable music videos~~; Entertainment services, namely, pod casts, recorded and live musical performances; providing non-downloadable pre-recorded music on-line via a global computer network; providing non-downloadable pre-recorded music videos on-line via a global computer network.

Class 041 for Entertainment services, namely, pod casts, recorded and live musical performances; providing non-downloadable pre-recorded music on-line via a global computer network; providing non-downloadable pre-recorded music videos on-line via a global computer network. **Filing Basis: Section 1(b), Intent to Use:** *For a trademark or service mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to use the mark in commerce on or in connection with the identified goods/services in the application. *For a collective trademark, collective service mark, or collective membership mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by members on or in connection with the identified goods/services/collective membership organization. *For a certification mark application:* As of the application filing date, the applicant had a bona fide intention, and was entitled, to exercise legitimate control over the use of the mark in commerce by authorized users in connection with the identified goods/services, and the applicant will not engage in the production or marketing of the goods/services to which the mark is applied, except to advertise or promote recognition of the certification program or of the goods/services that meet the certification standards of the applicant.

Webpage URL: None Provided
Webpage Date of Access: None Provided

**ADDITIONAL STATEMENTS**
**Disclaimer**
No claim is made to the exclusive right to use "BIZ" in International Class 35 apart from the mark as shown.

**Name(s), Portrait(s), Signature(s) of individual(s)**
The name(s), portrait(s), and/or signature(s) shown in the mark identifies BIZ MARKIE, whose consent(s) to register is made of record.

**Original PDF file:**
consent-1485923187-140810 247_._to_registration_of_name_as_a_trademark_filed_8_February_2021.pdf
**Converted PDF file(s)** ( 1 page) Consent File1
**Original PDF file:**
consent-1485923187-140810 247_._egistration_of_name_as_a_trademark_filed_8_February_2021_-_2.pdf
**Converted PDF file(s)** ( 1 page) Consent File1

**Correspondence Information (current):**
   DUANE M. BYERS
   PRIMARY EMAIL FOR CORRESPONDENCE: nixonptomail@nixonvan.com
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

The docket/reference number is 7073-0002.

**Correspondence Information (proposed):**
   Duane M. Byers
   PRIMARY EMAIL FOR CORRESPONDENCE: nixonptomail@nixonvan.com
   SECONDARY EMAIL ADDRESS(ES) (COURTESY COPIES): NOT PROVIDED

The docket/reference number is 7073-0002.

**Requirement for Email and Electronic Filing:** I understand that a valid email address must be maintained by the owner/holder and the owner's/holder's attorney, if appointed, and that all official trademark correspondence must be submitted via the Trademark Electronic Application System (TEAS).

**SIGNATURE(S)**
**Response Signature**
Signature: /dmb/   Date: 02/08/2021

Signatory's Name: Duane M. Byers
Signatory's Position: Attorney of record, Virginia bar member

Signatory's Phone Number: 7037867421 Signature method: Signed directly within the form

The signatory has confirmed that he/she is a U.S.-licensed attorney who is an active member in good standing of the bar of the highest court of a U.S. state (including the District of Columbia and any U.S. Commonwealth or territory); and he/she is currently the owner's/holder's attorney or an associate thereof; and to the best of his/her knowledge, if prior to his/her appointment another U.S.-licensed attorney not currently associated with his/her company/firm previously represented the owner/holder in this matter: the owner/holder has revoked their power of attorney by a signed revocation or substitute power of attorney with the USPTO; the USPTO has granted that attorney's withdrawal request; the owner/holder has filed a power of attorney appointing him/her in this matter; or the owner's/holder's appointed U.S.-licensed attorney has filed a power of attorney appointing him/her as an associate attorney in this matter.

Mailing Address:    DUANE M. BYERS
    NIXON & VANDERHYE PC

    901 N. GLEBE ROAD, 11TH FLOOR
    ARLINGTON, Virginia 22203
Mailing Address:    Duane M. Byers
    NIXON & VANDERHYE PC
    901 N. GLEBE ROAD, 11TH FLOOR
    ARLINGTON, Virginia 22203

Serial Number: 88911105
Internet Transmission Date: Mon Feb 08 14:24:43 ET 2021
TEAS Stamp: USPTO/ROA-XXX.XX.XXX.XX-2021020814244305
9375-88911105-76079eedd329d275dcaba2ef69
e2299433e24e279b5da1c50e3a1ab8b80ff64914
1-N/A-N/A-20210208140810247083

I, Marcel Theo Hall (also known by the stage name and nickname of BIZ MARKIE), consent to the use and registration of my name, BIZ MARKIE, as a trademark and/or service mark with the USPTO.

Signature:  Marcel Theo Hall by "Attorney-in-Fact" Jennifer Izumi 

Printed name:  Marcel Theo Hall (also known by the stage name and nickname of BIZ MARKIE)

Date:  January 19, 2021

I, Marcel Theo Hall (also known by the stage name and nickname of BIZ MARKIE), consent to the use and registration of my name, BIZ MARKIE, as a trademark and/or service mark with the USPTO.

Signature: <u>Marcel Theo Hall by "Attorney-in-Fact" Jennifer Izumi</u>

Printed name:  Marcel Theo Hall (also known by the stage name and nickname of BIZ MARKIE)

Date: <u>January 19, 2021</u>

P000390

# Exhibit 3

## to Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCEL THEO HALL, | |
| Plaintiff, | |
| v. | Case No.: 1:22-cv-00806 (CKK) |
| BIZ MARKIE, INC., *et al.*, | |
| Defendants. | |

**PLAINTIFF'S RESPONSES TO
DEFENDANTS BIZ MARKIE, INC. AND JENNIFER IZUMI'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF TARA HALL**

Plaintiff, Tara Hall, As Personal Representative of The Estate of Marcel Theo Hall, and derivatively on behalf of Biz Markie, Inc. ("Hall"), pursuant to Federal Rule of Civil Procedure 33, and Local Civil Rule 26.2, hereby responds to Defendants Biz Markie, Inc. and Jennifer Izumi's First Set of Interrogatories to Plaintiff Tara Hall (the "Interrogatories"), and states as follows:

**PRELIMINARY STATEMENT**

Hall's answers to the Interrogatories are based upon information and documents currently available. Hall's research, investigation, discovery, and analysis are continuing. Hall reserves the right to make changes to its answers or to present new and additional information at trial, to correct errors or omissions, or to include subsequently discovered facts concerning matters covered by the Interrogatories. Hall reserves the right to supplement and amend any of its answers at any time prior to trial.

No answer to the Interrogatories shall be construed as an express, implied, or incidental admission by Hall as to the relevancy, reasonableness, discoverability, or admissibility of the information contained therein.  Answers made subject to an objection are made to demonstrate a good faith effort to answer the Interrogatory and are not intended to constitute, and shall not be construed, as a waiver of any objection.

## GENERAL OBJECTIONS

Hall makes the following general objections and responses to the Interrogatories, which are applicable to all of Hall's Answers:

1.    Hall objects to producing any information in response to the Interrogatories that is protected by the attorney-client privilege, the work product privilege, or any other applicable protection, restriction, or immunity from discovery.

2.    Hall objects to the Interrogatories to the extent that they seek or purport to impose on Hall obligations other than those prescribed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, and/or any Order of the Court.

3.    Hall objects to any defined or undefined terms in the Interrogatories that differ from how Hall uses such terms in the ordinary use and course of business, and any answer or use of such terms in these answers does not constitute a waiver of any objections regarding the definition or scope of such terms.

4.    Hall objects to the Interrogatories to the extent they seek information not reasonably available to Hall or in Hall's possession, custody, or control.

5.    Hall objects to the Interrogatories to the extent that providing the requested information would impose an unreasonable burden and expense upon Hall.

2

6.      Hall objects to the Interrogatories to the extent that they seek information duplicative of other requests.

7.      Hall objects to the Interrogatories to the extent that they call for legal conclusions.

8.      Hall reserves the right to assert additional general and/or specific objections as appropriate and/or necessary and to supplement these responses as appropriate and/or necessary.

Consistent with and without waiving the foregoing general objections, Manatt answers the Interrogatories as follows:

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Describe in detail the facts and identify the evidence that support Your allegation in Paragraph 38 of the Redlined Proposed Second Amended Complaint served on Defendants February 26, 2024 and attached hereto as Exhibit A that "Defendant Izumi ... paid herself substantially in excess of 51% of the earnings earned by that company through Mr. Hall's varied performances and other entertainment endeavors."

**ANSWER:** Hall objects to the request in this Interrogatory to "[d]escribe in detail the facts and identify the evidence…" because, given the breadth of the subject allegation, this request is overly broad and unduly burdensome and because this request seeks information protected by the work product doctrine. Hall further objects to this Interrogatory to the extent that it characterizes a redlined document presented to counsel in the context of seeking consent to a motion as having "served" that document. In further response and pursuant to Federal Rule of Civil Procedure 33(d), see Sections I(B)(1) and I(B)(3) of the Expert Report of Christopher Williams, CFE, CPA, MBA, all exhibits thereto, and all documents referred to therein, including but not limited to: tax returns of BMI, Marcel Theo Hall, Defendant Izumi, and Balancing Acts, Inc. (D000068-D008419, Cusato_00001- Cusato_00664), income reports of third-parties (Hall_JRH_01623-Hall_JRH_03267,

3

Hall_JRH_04217-Hall_JRH_04234, Hall_JRH_06382-Hall_JRH_06399), Statements of BMI's and credit card and bank accounts and Mr. Hall's bank accounts (Hall_JRH_03309-Hall_JRH_03868, Hall_JRH_4043-Hall_JRH_4216, Hall_JRH_04904-Hall_JRH_06216); various personal expenses reflected in Statements of BMI's credit card and bank accounts.  See also pages 101-107, 137, 138-140, 167, and 180-181, among others, of the Transcript of Defendant Izumi's Deposition.

**INTERROGATORY NO. 2:** Describe in detail the facts and identify the evidence that support Your allegation in Paragraph 39 of the Redlined Proposed Second Amended Complaint served on Defendants February 26, 2024 and attached hereto as Exhibit A that "Defendant Izumi distributed to herself, or to Balancing Acts, Inc., well in excess of at least 51% of Mr. Hall's income as well as at least 51% of BM, Inc.'s income."

**ANSWER**:  Hall objects to the request in this Interrogatory to "[d]escribe in detail the facts and identify the evidence…" because, given the breadth of the subject allegation, this request is overly broad and unduly burdensome, and because this request seeks information protected by the work product doctrine.  Hall further objects to this Interrogatory to the extent that it characterizes a redlined document presented to counsel in the context of seeking consent to a motion as having "served" that document.  In further response and pursuant to Federal Rule of Civil Procedure 33(d), see Answer to Interrogatory No. 1.

**INTERROGATORY NO. 3:** Describe in detail the facts and identify the evidence that support Your allegation in Paragraph 45 of the Redlined Proposed Second Amended Complaint served on Defendants February 26, 2024 and attached hereto as Exhibit A that, "Defendant Izumi obtained COVID relief loans in the name of BMI, Inc. in the amounts of $149,900.00 and $24,560.00, that were

purport were solely taken by Ms. Izumi (*i.e.*, granting herself 51% ownership and applying Mr. Hall's signatures).

**ANSWER**:  Hall objects to this Interrogatory on the grounds that it seeks a legal conclusion to which no response is required.[1]  Hall further objects to this Request on the ground that is vague, ambiguous, and overly broad because Exhibit B referred to in the Interrogatory is 129 pages long and consists of multiple individual documents and Defendants have failed to direct attention to any individual document.  As such, Hall also objects to this Interrogatory because it is unduly burdensome.  Hall is unable to respond to this Interrogatory without further specification from Defendants.

**INTERROGATORY NO. 10:** If you contend that Mr. Hall has used the Biz Markie trademark within the 10 years preceding this Lawsuit, describe in detail the nature of all such use and identify the dates of use.

**ANSWER**:  Hall objects to this Interrogatory on the grounds that it seeks a legal conclusion to which no response is required.  Without waiving objection, Mr. Hall has used the Biz Markie trademark in the ten (10) years preceding this lawsuit by actively appearing and performing under the name "Biz Markie," on various occasions until his hospitalization in 2020, which precluded his ability to continue to do so in the future, despite intent to do so.  See also Trademark Application Serial No. 97377219 and all supporting documentation.

---

[1] "[T]he Rules do 'not authorize interrogatories calling for legal conclusions[.]' *Hemp Indus. Ass'n v. United States Drug Enf't Admin.*, No. 20-cv-2921, 2020 U.S. Dist. LEXIS 261986, 2020 WL 12918344, at *1 (D.D.C. Dec. 15, 2020) (quoting 8B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2167 (3d ed. 2020))." *Pietrangelo v. Refresh Club, Inc.*, No. 18-cv-1943, 2022 U.S. Dist. LEXIS 166925, *21, 2022 WL 4245486 (D.D.C. Sept. 15, 2022).

**INTERROGATORY NO. 11:** If you contend that Mr. Hall has used the Just a Friend trademark within the 10 years preceding this Lawsuit, describe in detail the nature of all such use and identify the dates of use.

**ANSWER**:  Hall objects to this Interrogatory on the grounds that it seeks a legal conclusion to which no response is required.  Hall further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense in this matter

**INTERROGATORY NO. 12:** If you contend that Mr. Hall intended to use the Biz Markie trademark within the 10 years preceding this Lawsuit describe in detail the nature of any such use including the intended dates of such use.

**ANSWER**:  Hall objects to this Interrogatory on the grounds that it seeks a legal conclusion to which no response is required.  Hall further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense because, given Hall's response to Interrogatory No. 10, intent is not relevant where there is actual use.  Without waiving objection, see Answer to Interrogatory No. 10.

**INTERROGATORY NO. 13:** If you contend that Mr. Hall intended to use the Just a Friend trademark within the 10 years preceding this Lawsuit, describe in detail the nature of any such use including the intended dates of such use.

**ANSWER**:  Hall objects to this Interrogatory on the grounds that it seeks a legal conclusion to which no response is required.  Hall further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense in this matter.

**VERIFICATION**

I hereby certify under penalty of perjury under the laws of the United States of America that I have read the foregoing responses to Plaintiff's Interrogatories and verify that the statements made in those responses are true and correct to the best of my knowledge, information, and belief.

By: _____

Name: __TARA HALL_____

Title: __Representative of The Estate of Marcel Hall__

Date: __03/28/2024_____

13

Dated: March 29, 2024                    Respectfully submitted,

                                          /s/ Peter C. Nanov
                                         Peter C. Nanov (D.C. Bar No. 230021)
                                         Vorys, Sater, Seymour and Pease LLP
                                         1909 K Street, NW, 9th Floor
                                         Washington, DC 20006
                                         (202) 467-8831
                                         (202) 533-9084 (Facsimile)
                                         pcnanov@vorys.com

                                         Michael J. Garvin, *pro hac vice*
                                         Marcel C. Duhamel, *pro hac vice*
                                         Aaron M. Williams, *pro hac vice*
                                         Vorys, Sater, Seymour & Pease LLP
                                         200 Public Square, Suite 1400
                                         Cleveland, OH 44114-2327
                                         (216) 479-6100
                                         mjgarvin@vorys.com
                                         mcduhamel@vorys.com
                                         amwilliams@vorys.com

                                         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, the foregoing was served via email and was mailed, first class and postage prepaid, upon:

Dayna Cooper
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204

                                         */s/ Peter C. Nanov*
                                         Peter C. Nanov (D.C. Bar No. 230021)

14

# Exhibit 4
## to Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

TARA HALL AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
MARCEL THEO HALL, and derivatively
on behalf of Biz Markie, Inc.,

      Plaintiff,

vs.

BIZ MARKIE, INC., a Washington, D.C.
corporation, and JENNIFER IZUMI,
individually,

      Defendants.

CASE NO: 1:22-cv-00806

**PLAINTIFF TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF**
**MARCEL THEO HALL'S RESPONSE TO DEFENDANTS' FIRST REQUEST FOR**
**<u>PRODUCTION OF DOCUMENTS</u>**

      Plaintiff TARA HALL as personal representative of the estate of Marcel Theo Hall ("Tara Hall" or "Plaintiff"), by and through undersigned counsel, hereby responds to Defendants' First Request for Production of Documents.

**<u>GENERAL OBJECTIONS</u>**

      The following General Objections apply to each Request for Production ("Request"). They are expressly incorporated into each and every Request set forth below as if fully set forth therein.

      1.    Any objection or lack of objection to these Requests is not an admission that Tara Hall has any Documents responsive to a particular Request.

      2.    Tara Hall objects to each and every Request to the extent that it seeks the disclosure of information that is privileged, confidential, or protected from disclosure as attorney work-product.

1

3.    Tara Hall has made reasonable efforts to respond to each Request; to the extent that it is not objectionable as Tara Hall understands and interprets each Request, Tara Hall reserves the right to supplement her Responses.

4.    Tara Hall objects to these discovery Requests to the extent that Defendants can derive or ascertain the answers as easily as Tara Hall can, by examining and inspecting documents that have been provided to Defendants or that already are in Defendants' possession, custody, or control; made available to Defendants for examination or copying; or which are a matter of public record or are otherwise publicly available.

5.    Tara Hall objects to each Request to the extent that it is not limited in time or scope so as to be reasonably related to the issues relevant to this case.

6.    Tara Hall objects to each Request to the extent it is vague, ambiguous, overly broad, unduly burdensome and oppressive, or seeks information not reasonably calculated to lead to the discovery of admissible evidence.

7.    All answers or other responses set forth below are subject to and without waiver of any of the foregoing General Objections and to the other more specific objections set forth below. Tara Hall will not in every instance repeat or specifically incorporate these objections although they are intended to be incorporated into each and every response throughout.

8.    Tara Hall's response to any of these Requests does not constitute a waiver of the right to object to any future, additional or supplemental Requests covering the same or similar subject matter.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**: All Documents referencing or relating to all transfers of Intellectual Property and/or Royalty Distributions including but not limited to distributions from

Just a Friend Corporation, or any other person or entity designated by Biz Markie Just a Friend Corporation to receive such distributions.

**RESPONSE**: Subject to and without waiving the foregoing and General Objections, additionally, Plaintiff objects to Request No. 5 in that it is not limited as to time and scope so as to be reasonably related to the issues relevant to this case. Plaintiff also objects to Request No. 5 in that it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. However, notwithstanding this objection, please see Bates No. P000332-P000333, P000334-P000335, P000336-P000337, P000338-P000339, P000340-P000341, P000342-P000343, P000344-P000345, P000346-P000347, P000348-P000349, P000350-P000351, P000352-P00353, P000354-P000354, P000355-P000356, P000357-P000357, and P000358-P000359.

**REQUEST FOR PRODUCTION NO. 6**: All Documents referencing or relating to all payments made to or received by Tara Hall, in her individual capacity or as personal representative of the Estate of Marcel Theo Hall, to or from Biz Markie Just a Friend Corporation.

**RESPONSE**: Subject to and without waiving the foregoing and General Objections, additionally, Plaintiff objects to Request No. 6 in that it is not limited as to time and scope so as to be reasonably related to the issues relevant to this case. Plaintiff also objects to Request No. 6 in that it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. However, Plaintiff has searched diligently for any documents responsive to this Request but has not discovered any such documents responsive to this Request other than what is being contemporaneously produced.

**REQUEST FOR PRODUCTION NO. 7**: All Documents evidencing use and ownership rights in the Biz Markie trademark.

5

**RESPONSE**: Subject to and without waiving the foregoing and General Objections, additionally, Plaintiff objects to Request No. 7, pursuant to the parties' agreement on the limited scope of production at this early stage of litigation, as outside the scope of discovery. Plaintiff also objects to Request No. 7 in that it is not limited as to time and scope so as to be reasonably related to the issues relevant to this case. Plaintiff also objects to Request No. 7 in that it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence. However, notwithstanding these objections, please see Bates No. P000360-P000378, and P000379-P000390.

Respectfully Submitted,

/s/ Alan S. Clarke

Alan S. Clarke (admitted *pro hac vice*)
Greenspoon Marder LLP
Promenade II
1230 Peachtree Street, NE, Suite 1900
Atlanta, GA 30303
(404) 816-9800
Alan.Clarke@gmlaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 22nd day of November 2022, a copy of the foregoing response was served on all attorneys of record via e-mail.

*/s/ Alan S. Clarke*
Alan S. Clarke

# Exhibit 5
## to Exhibit E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCEL THEO HALL, | |
| Plaintiff, | Case No.: 1:22-cv-00806 (CKK) |
| v. | |
| BIZ MARKIE, INC., *et al.*, | |
| Defendants. | |

**PLAINTIFF'S RESPONSES TO
DEFENDANTS BIZ MARKIE, INC. AND JENNIFER IZUMI'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
<u>TO PLAINTIFF TARA HALL</u>**

Plaintiff, Tara Hall, As Personal Representative of The Estate of Marcel Theo Hall, and derivatively on behalf of Biz Markie, Inc. ("Hall"), pursuant to Federal Rule of Civil Procedure 34, and Local Civil Rule 26.2, hereby responds to Defendants Biz Markie, Inc. and Jennifer Izumi's Second Request for Production of Documents to Plaintiff Tara Hall (the "Requests"), and states as follows:

<u>**GENERAL OBJECTIONS**</u>

Hall makes the following general objections and responses to the Requests, which are applicable to all of Hall's Responses:

1.        Hall objects to producing any information in response to the Requests that is protected by the attorney-client privilege, the work product privilege, or any other applicable protection, restriction, or immunity from discovery.

1

2.      Hall objects to the Requests to the extent that they seek or purport to impose on Hall obligations other than those prescribed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, and/or any Order of the Court.

3.      Hall objects to any defined or undefined terms in the Requests that differ from how Hall uses such terms in the ordinary use and course of business, and any answer or use of such terms in these answers does not constitute a waiver of any objections regarding the definition or scope of such terms.

4.      Hall objects to the Requests to the extent they seek documents not reasonably available to Hall or in Hall's possession, custody, or control.

5.      Hall objects to the Requests to the extent that providing the requested information would impose an unreasonable burden and expense upon Hall.

6.      Hall objects to the Requests to the extent that they seek information duplicative of other requests.

7.      Hall reserves the right to assert additional general and/or specific objections as appropriate and/or necessary and to supplement these responses as appropriate and/or necessary.

Consistent with and without waiving the foregoing general objections, Manatt answers the Interrogatories as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 8**: All documents and communications reflecting any sum of money, funds or exchanges, including any income, payments, advances, bonuses, commissions, salaries, royalties, loan proceeds, stocks, options, barter, refunds, reimbursements,

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications concerning, related to, or evidencing Mr. Hall's use of the Biz Markie trademark within the 10 years preceding the commencement of this Lawsuit.

**RESPONSE:**  Hall objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "all" documents and communications concerning the subject of the Request and because Defendants have equal or greater access than Hall to the documents sought. See documents referred to in Exhibit 5 of the Expert Report of Christopher Williams, CFE, CPA, MBA, including but not limited to income reports of third-parties (Hall_JRH_01623-Hall_JRH_03267, Hall_JRH_04217-Hall_JRH_04234, Hall_JRH_06382-Hall_JRH_06399), as well as all agreements produced by Defendants which concerned Mr. Hall or Biz Markie, Inc., various records of Mr. Hall's appearances and performances under the name Biz Markie, which are not in the possession of Hall, and Trademark Application Serial No. 97377219 and all supporting documentation.

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications concerning, related to, or evidencing Mr. Hall's use of the Just a Friend trademark within the 10 years preceding the commencement of this Lawsuit.

**RESPONSE:**  Hall objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "all" documents and communications concerning the subject of the Request and because Defendants have equal or greater access than Hall to the documents sought. Hall further objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter.

**REQUEST FOR PRODUCTION NO. 14:** All documents concerning, related to, or evidencing Mr. Hall's intent to use the Biz Markie trademark within the 10 years preceding the commencement of this Lawsuit.

**RESPONSE:**  Hall objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "all" documents and communications concerning the subject of the Request and because Defendants have equal or greater access than Hall to the documents sought. Hall further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense because, given Hall's response to Request No. 12, intent is not relevant where there is actual use.  See Response to Request No. 12.

**REQUEST FOR PRODUCTION NO. 15:** All documents concerning, related to, or evidencing Mr. Hall's intent to use the Just a Friend trademark within the 10 years preceding the commencement of this Lawsuit.

**RESPONSE:**  Hall objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "all" documents and communications concerning the subject of the Request and because Defendants have equal or greater access than Hall to the documents sought. Hall further objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter.

**REQUEST FOR PRODUCTION NO. 16:** All documents concerning, related to, or evidencing Mr. Hall's permission for you to use the Just a Friend trademark within the 10 years preceding the commencement of this Lawsuit.

Dated: March 29, 2024                  Respectfully submitted,

                                     */s/ Peter C. Nanov*_____
                                    Peter C. Nanov (D.C. Bar No. 230021)
                                    Vorys, Sater, Seymour and Pease LLP
                                    1909 K Street, NW, 9th Floor
                                    Washington, DC 20006
                                    (202) 467-8831
                                    (202) 533-9084 (Facsimile)
                                    pcnanov@vorys.com

                                    Michael J. Garvin, *pro hac vice*
                                    Marcel C. Duhamel, *pro hac vice*
                                    Aaron M. Williams, *pro hac vice*
                                    Vorys, Sater, Seymour & Pease LLP
                                    200 Public Square, Suite 1400
                                    Cleveland, OH 44114-2327
                                    (216) 479-6100
                                    mjgarvin@vorys.com
                                    mcduhamel@vorys.com
                                    amwilliams@vorys.com

                                    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

       I hereby certify that on March 29, 2024, the foregoing was served via email and was mailed, first class and postage prepaid, upon:

Dayna Cooper
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204

                                    */s/ Peter C. Nanov*_____
                                    Peter C. Nanov (D.C. Bar No. 230021)

# Exhibit 6

to Exhibit E

(filed under seal)

# Exhibit 7
to Exhibit E
(filed under seal)