# EXHIBIT 15

| **To:** | Alan Clarke(alan.clarke@gmlaw.com) |
| **Subject:** | U.S. Trademark Application Serial No. 97377219 - BIZ MARKIE - 69728.0004 |
| **Sent:** | March 08, 2023 01:09:15 PM EST |
| **Sent As:** | tmng.notices@uspto.gov |

**Attachments**

88911105
Audio recording

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 97377219

**Mark:** BIZ MARKIE

**Correspondence Address:**
ALAN CLARKE
GREENSPOON MARDER LLP
PROMENADE II
1230 PEACHTREE STREET NE, SUITE 1900
ATLANTA GA 30309 UNITED STATES

**Applicant:** Tara Hall

**Reference/Docket No.** 69728.0004

**Correspondence Email Address:** alan.clarke@gmlaw.com

# NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** March 8, 2023

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a),

Ex 15 - 001

2.65(a); TMEP §§711, 718.03.

SUMMARY OF ISSUES:

- Earlier-filed Application
- Specimen - Class 9
- Inquiry - Name of an Individual
- Name of a Performing Artist on Sound Recordings
- Identification of Goods

SEARCH OF USPTO DATABASE OF MARKS

*Advisory - Earlier-Filed Application*
The filing date of pending U.S. Application Serial No. 88911105 precedes applicant's filing date.  See attached referenced application.  If the mark in the referenced application registers, applicant's mark may be refused registration under Trademark Act Section 2(d) because of a likelihood of confusion between the two marks.  *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.83; TMEP §§1208 *et seq.*  Therefore, upon receipt of applicant's response to this Office action, action on this application may be suspended pending final disposition of the earlier-filed referenced application.

In response to this Office action, applicant may present arguments in support of registration by addressing the issue of the potential conflict between applicant's mark and the mark in the referenced application.  Applicant's election not to submit arguments at this time in no way limits applicant's right to address this issue later if a refusal under Section 2(d) issues.

The applicant must respond to the following issues.

**Specimens - Class 9**

This refusal pertains to the following goods in Class 9 which are based on Section 1(a): "Downloadable music files; Pre-recorded CDs featuring music; Downloadable video recordings featuring music".

**Webpage specimen does not include required URL and/or date printed/accessed.** Registration is refused because the specimen is not acceptable as a webpage specimen; it lacks the required URL and/or date printed/accessed. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a). Thus, it is unclear whether the specimen shows the applied-for mark in actual use in commerce. *See* Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.03(g), 904.07(a). An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark as actually used in commerce for each international class of goods and services identified in the application or amendment to allege use. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

Any webpage printout or screenshot submitted as a specimen must include the webpage's URL and the date it was accessed or printed on the specimen itself, within the TEAS form that submits the specimen, or in a verified statement under 37 C.F.R. §2.20 or 28 U.S.C. §1746 in a later-filed response. *See* 37 C.F.R. §2.56(c); TMEP §§904.03(i), 1301.04(a). Because the webpage specimen lacks the associated URL and/or access or print date on it, within the TEAS form used to submit the specimen, or in a verified statement in a later-filed response, it is unacceptable to show use of the mark in commerce. TMEP §§904.03(i), 1301.04(a).

Ex 15 - 002

**Examples of specimens.** Specimens for goods include a photograph of (1) the actual goods bearing the mark; (2) an actual container, packaging, tag or label for the goods bearing the mark; or (3) a point-of-sale display showing the mark directly associated with the goods. *See* 37 C.F.R. §2.56(b)(1), (c); TMEP §904.03(a)-(m). A webpage specimen submitted as a display associated with the goods must show the mark in association with a picture or textual description of the goods and include information necessary for ordering the goods. TMEP §904.03(i); *see* 37 C.F.R. §2.56(b)(1), (c).

Specimens for services must show a direct association between the mark and the services and include: (1) copies of advertising and marketing material, (2) a photograph of business signage or billboards, or (3) materials showing the mark in the sale, rendering, or advertising of the services. *See* 37 C.F.R. §2.56(b)(2), (c); TMEP §1301.04(a), (h)(iv)(C).

**Response options.** Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

       (1) Submit a verified statement, in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20 or 28 U.S.C. §1746, specifying the URL of the original webpage specimen and the date it was accessed or printed.

       (2) Submit a different specimen (a verified "substitute" specimen), including the URL and date accessed/printed directly on the specimen itself or in a separate statement, that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the mark in actual use in commerce for the goods and/or services identified in the application or amendment to allege use. Applicant must also submit the following statement made in a signed affidavit or supported by a declaration under 37 C.F.R. §2.20: "The substitute (or new, or originally submitted, if appropriate) specimen(s) was/were in use in commerce at least as early as the filing date of the application or prior to the filing of the amendment to allege use."

       (3) Amend the filing basis to intent to use under Section 1(b) (which includes withdrawing an amendment to allege use, if one was filed), as no specimen is required before publication. This option will later necessitate additional fee(s) and filing requirements, including a specimen.

For an overview of the response options referenced above and instructions on how to satisfy these options using the online Trademark Electronic Application System (TEAS) form, see the Specimen webpage.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

## Inquiry - Name of An Individual

Applicant must clarify whether BIZ MARKIE in the mark identifies a particular living individual. *See* 37 C.F.R. §2.61(b); TMEP §§813, 1206.03. To register a mark that includes or comprises the name, portrait, and/or signature of a particular living individual, including a first name, pseudonym, stage name, or nickname, an applicant must provide the individual's written consent to register the name or portrait, personally signed by the named or shown individual. 15 U.S.C. §1052(c); TMEP §§813,

1206.03, 1206.04(a).

In the present case, the application does not specify whether the name, portrait, and/or signature in the mark identifies a particular living individual nor does it include a written consent. *See* TMEP §§813.01(a)-(b), 1206.04(a), 1206.05.

Further, the applied-for mark appears to consist of or comprise the name of a particular famous individual who is deceased. *See* 37 C.F.R. §2.61(b); TMEP §§813, 1206.03.

Where it is unclear whether the name, portrait, and/or signature is that of a living individual, applicant must so clarify for the record. Accordingly, if the individual identified in the mark is in fact deceased, applicant should provide the following statement:

> **The individual identified in the mark is in fact deceased; accordingly, the name, portrait, and/or signature shown in the mark does not identify a particular living individual.**

For an overview of the requirements for names, portraits, or signatures appearing in marks, and instructions on how to satisfy this requirement using the online Trademark Electronic Application System (TEAS) response form, see the Name or Likeness of a Particular Living Individual in a Trademark webpage.

Applicant has a duty to respond directly and completely to this requirement for information. *See In re Ocean Tech., Inc.*, 2019 USPQ2d 450686, at *2 (TTAB 2019) (citing *In re AOP LLC*, 107 USPQ2d 1644, 1651 (TTAB 2013)); TMEP §814. Failure to comply with a requirement for information is an independent ground for refusing registration. *In re SICPA Holding SA*, 2021 USPQ2d 613, at *6 (TTAB 2021) (citing *In re Cheezwhse.com, Inc.*, 85 USPQ2d 1917, 1919 (TTAB 2008); *In re DTI P'ship LLP*, 67 USPQ2d 1699, 1701-02 (TTAB 2003); TMEP §814).

## Name of Performing Artist on a Sound Recording

This refusal pertains to the following goods in Class 9: "Downloadable music files; Pre-recorded CDs featuring music; Downloadable video recordings featuring music".

Registration is refused because the applied-for mark, as used on the specimen of record, merely identifies the name of a featured performer(s) on a sound recording; it does not function as a trademark to indicate the source of applicant's goods and to identify and distinguish them from others. Trademark Act Sections 1, 2, and 45, 15 U.S.C. §§1051-1052, 1127; *see In re Polar Music Int'l AB*, 714 F.2d 1567, 1572, 221 USPQ 315, 318 (Fed. Cir. 1983); *In re Arnold*, 105 USPQ2d 1953, 1957 (TTAB 2013). Sound recordings include musical and other performances on electronic, magnetic, or vinyl media or as downloadable files. *See* TMEP §1202.09(a).

Applicant may respond to this refusal by satisfying one of the following:

> (1) Submitting evidence that (a) the name is used on a **series** of sound recordings, and (b) the performer **controls the quality** of the recordings and **controls the use** of the name, such that the name has come to represent an assurance of quality to the public. *See In re Polar Music Int'l AB*, 714 F.2d at 1572, 221 USPQ at 318; *In re Arnold*, 105 USPQ2d at 1958; TMEP §1202.09(a)-(a)(ii), (a)(ii)(B).

**Evidence of a series** includes photographs or screenshots of at least two different CD covers, webpages showing at least two different downloadable recordings, or similar types of images for at least two different recorded works that show the name sought to be registered. TMEP §1202.09(a)(i); *see In re Polar Music Int'l AB*, 714 F.2d at 1572, 221 USPQ at 318. This evidence must show the mark on goods that are actually being used with the goods sold in commerce.

**Evidence of control.** If the sound recordings are recorded directly under applicant's control, applicant may submit the following statement as evidence of control, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**The applicant produces the goods and controls their quality.**" TMEP §1202.09(a)(ii)(B); *see* 37 C.F.R. §2.193(e)(1). Other evidence of control includes licensing contracts or similar documentation. TMEP §1202.09(a)(ii)(B); *see In re Polar Music Int'l AB*, 714 F.2d at 1568-72, 221 USPQ at 316-18.

(2) Submitting evidence that (a) the name is used on a **series** of sound recordings, and (b) the name is **promoted and recognized by others** as the source of the series of sound recordings. *See In re Arnold*, 105 USPQ2d at 1958; TMEP §1202.09(a)-(a)(ii)(A).

**Evidence of a series** includes the items referenced above in response option (1).

**Evidence of promotion and recognition** includes advertising that promotes the name as the source of the series, third-party reviews showing use of the name by others to refer to the series, and declarations from the sound recording industry, retailers, and purchasers showing recognition of the name as an indicator of the source of a series of recordings. TMEP §1202.09(a)(ii)(A); *cf. In re First Draft, Inc.*, 76 USPQ2d 1183, 1191 (TTAB 2005); *In re Scholastic, Inc.*, 23 USPQ2d 1774, 1777-78 (TTAB 1992).

(3) Amending the application to seek registration on the **Supplemental Register**. Trademark Act Section 23(c), 15 U.S.C. §1091(c); *see* 37 C.F.R. §§2.47, 2.75(a); TMEP §§816, 1202.09(a).

If applicant cannot satisfy one of the above requirements, applicant may amend the application from a use in commerce basis under Trademark Act Section 1(a) to an intent to use basis under Section 1(b), and the refusal will be withdrawn. *See* TMEP §806.03(c). However, if applicant amends the basis to Section 1(b), registration will not be granted until applicant later amends the application back to use in commerce by filing an acceptable allegation of use along with satisfying one of the above requirements. *See* 15 U.S.C. §1051(c), (d); 37 C.F.R. §§2.76, 2.88; TMEP §1103. If the same specimen is submitted with an allegation of use, and applicant does not either provide the additional evidence described above or amend to the Supplemental Register, the same refusal will issue.

To amend to Section 1(b), applicant must submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**Applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the filing date of the application.**" 37 C.F.R. §2.34(a)(2); TMEP §806.01(b); *see* 15 U.S.C. §1051(b); 37 C.F.R. §§2.35(b)(1), 2.193(e)(1).

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by

submitting evidence and arguments in support of registration.

*Advisory - Goods Based on Section 1(b)*
This advisory pertains to the following goods in Class 9, which are based on Section 1(b): "Downloadable audio recordings featuring music, photos, and videos authenticated by non-fungible tokens (NFTs); Downloadable multimedia file containing audio relating to music, photos, and videos authenticated by non-fungible tokens (NFTs); Downloadable music files authenticated by non-fungible tokens (NFTs)".

Applicant is advised that, upon consideration of an allegation of use, registration may be refused on the ground that the applied-for mark, as used on the specimen of record, serves merely to identify the name of a featured performer(s) on a sound recording and as such, does not function as a trademark to indicate the source of applicant's goods and to identify and distinguish them from others. Trademark Act Sections 1, 2, and 45, 15 U.S.C. §§1051-1052, 1127; *see In re Polar Music Int'l AB*, 714 F.2d 1567, 1572, 221 USPQ 315, 318 (Fed. Cir. 1983); *In re Arnold*, 105 USPQ2d 1953, 1957 (TTAB 2013). Sound recordings include musical and other performances on electronic, magnetic, or vinyl media or as downloadable files. *See* TMEP §1202.09(a).

However, the name of a performing artist or group may be registrable if applicant can satisfy one of the following:

> (1) Submit evidence that (a) the name is used on a **series** of sound recordings, and (b) the performer **controls the quality** of the recordings and **controls the use** of the name, such that the name has come to represent an assurance of quality to the public. *See In re Polar Music Int'l AB*, 714 F.2d at 1572, 221 USPQ at 318; *In re Arnold*, 105 USPQ2d at 1958; TMEP §1202.09(a)-(a)(ii), (a)(ii)(B).

> **Evidence of a series** includes photographs or screenshots of at least two different CD covers or similar packaging for two different recorded works or webpages showing at least two different downloadable musical recordings, that show the name sought to be registered. TMEP §1202.09(a)(i); *see In re Polar Music Int'l AB*, 714 F.2d at 1572, 221 USPQ at 318.

> **Evidence of control.** If the sound recordings are recorded directly under applicant's control, applicant may submit the following statement as evidence of control, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**The applicant produces the goods and controls their quality.**" TMEP §1202.09(a)(ii)(B); *see* 37 C.F.R. §2.193(e)(1). Other evidence of control includes licensing contracts or similar documentation. TMEP §1202.09(a)(ii)(B); *see In re Polar Music Int'l AB*, 714 F.2d at 1568-72, 221 USPQ at 316-18.

> (2) <u>Submit evidence</u> that (a) the name is used on a **series** of sound recordings, and (b) the name is **promoted and recognized by others** as the source of the series of sound recordings. *See In re Arnold*, 105 USPQ2d at 1958; TMEP §1202.09(a)-(a)(ii)(A).

> **Evidence of a series** includes the items referenced above in response option (1).

> **Evidence of promotion and recognition** includes advertising that promotes the name as the source of the series, third-party reviews showing use of the name by others to refer to

the series, and/or declarations from the sound recording industry, retailers, and purchasers showing recognition of the name as an indicator of the source of a series of recordings. TMEP §1202.09(a)(ii)(A); *cf. In re First Draft, Inc.*, 76 USPQ2d 1183, 1191 (TTAB 2005); *In re Scholastic, Inc.*, 23 USPQ2d 1774, 1777-78 (TTAB 1992).

(3) Amend the application to seek registration on the **Supplemental Register**, if an acceptable allegation of use has otherwise been submitted. Trademark Act Section 23(c), 15 U.S.C. §1091(c); *see* 37 C.F.R. §§2.47, 2.75(a); TMEP §§816, 1202.09(a).

## Identification of Goods - Class 9

This requirement pertains to the followings goods in Class 9 only: "Downloadable audio recordings featuring music, photos, and videos authenticated by non-fungible tokens (NFTs)".

Clarification is required, as an "audio recording" refers to "a recording of acoustic signals". See TMEP §1402.01. (Please see attached definition from the Internet.) Thus, the wording "Downloadable audio recordings featuring **music, photos, and videos** authenticated by non-fungible tokens (NFTs)" should be amended to "Downloadable audio recordings featuring **music** authenticated by non-fungible tokens (NFTs)".  The following wording in Class 9 is suggested, if accurate:

**Class 9**: "Downloadable music files; Pre-recorded CDs featuring music; Downloadable video recordings featuring music; Downloadable audio recordings featuring **music** authenticated by non-fungible tokens (NFTs); Downloadable multimedia file containing audio relating to music, photos, and videos authenticated by non-fungible tokens (NFTs); Downloadable music files authenticated by non-fungible tokens (NFTs)".

The identification of goods in Classes 16, 21, 25 and 28 is acceptable.

Applicant's goods and/or services may be clarified or limited, but may not be expanded beyond those originally itemized in the application or as acceptably amended. *See* 37 C.F.R. §2.71(a); TMEP §1402.06. Applicant may clarify or limit the identification by inserting qualifying language or deleting items to result in a more specific identification; however, applicant may not substitute different goods and/or services or add goods and/or services not found or encompassed by those in the original application or as acceptably amended. *See* TMEP §1402.06(a)-(b). The scope of the goods and/or services sets the outer limit for any changes to the identification and is generally determined by the ordinary meaning of the wording in the identification. TMEP §§1402.06(b), 1402.07(a)-(b). Any acceptable changes to the goods and/or services will further limit scope, and once goods and/or services are deleted, they are not permitted to be reinserted. TMEP §1402.07(e).

For assistance with identifying and classifying goods and services in trademark applications, please see the USPTO's online searchable *U.S. Acceptable Identification of Goods and Services Manual*. *See* TMEP §1402.04.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for

informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.**  File a **response form to this nonfinal Office action** or file a **request form for an extension of time to file a response**.


/Amy Alfieri/
Amy Alfieri
Examining Attorney
LO109--LAW OFFICE 109
(571) 272-9422
Amy.Alfieri@USPTO.GOV


## RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.**  A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.**  If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.