IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCEL THEO HALL, and derivatively on behalf of Biz Markie, Inc.<br><br>Plaintiff,<br>v.<br><br>BIZ MARKIE, INC. AND JENNIFER IZUMI<br><br>Defendants. | Case No.: 1:22-cv-00806 (CKK) |

## NOTICE OF EVIDENTIARY OBJECTION

Pursuant to Federal Rule of Civil Procedure 56(c)(2), a party may "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Defendants Biz Markie, Inc. and Jennifer Izumi hereby object to Plaintiff's reliance on materials submitted for the first time in her Sur-Reply on the ground that they cannot be presented in a form that would be admissible in evidence.

Discovery opened on May 12, 2023, and after six extensions at Plaintiff's request, closed on May 8, 2024. On May 13, 2024, the Court entered the following minute order: "The Court held a post-discovery status conference on this matter on May 13, 2024. The parties confirmed that **discovery is complete**." Dkt. 63 (emphasis added).

On January 14, 2025, eight months after the close of discovery, Plaintiff appended approximately 38 pages and 15 exhibits of internet materials to her Sur-Reply. Dkt. 94-2, Exs. 1–15. In her Opposition, Plaintiff represented that the Estate "more than complied with its discovery obligations and either disclosed or directed Defendants to various documents and records reflecting Hall's ownership of the mark.," citing to specific discovery requests and

responses. *See, e.g.,* Dkt. 76 at 28; *see also*, Dkt. 76-5 at 37-38, 42-43. Defendants note for the record that the specific materials later attached to Plaintiff's Sur-Reply including third-party articles, flyers, and internet exhibits were ***not*** among the documents identified in the cited discovery responses or otherwise produced or supplemented before the May 8, 2024 discovery cutoff. Accordingly, Defendants object under Rules 26(a) and 26(e) for failure to disclose, and under Rule 37(c)(1) and Rule 56(c)(2) to preserve the objection to use at summary judgment. Failure to disclose information during discovery renders such evidence inadmissible. *McNair v. District of Columbia*, 325 F.R.D. 20, 22 (D.D.C. 2018) (plaintiff barred from using at summary judgment or trial any documents not previously disclosed, rejecting claim that opposing party already possessed them); *Scott v. District of Columbia,* 246 F.R.D. 49, 51–52 (D.D.C. 2007) (upholding exclusion of witness and materials for failure to comply with disclosure deadlines); *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223–24 (D.D.C. 2015) (rejecting the argument that publicly available documents are exempt from discovery, this Court observed, "How absurd! ... The Federal Rules do not shield publicly available documents from discovery merely because of their accessibility. A limitation of this nature would lead to patently absurd consequences."); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 293 (2d Cir. 2006) (affirming exclusion where party failed to abide by Rule 26 disclosure requirements noting, "The District Court ruled that Design's failure to abide by Fed.R.Civ.P. 26(a)(1)(c) meant that evidence of lost profits would ***not be admissible***.") (emphasis added).

Defendants recognize that the Court will determine admissibility in resolving the pending motion and file this Notice solely to preserve the record, without seeking separate relief or additional briefing.

-3-

Dated: October 9, 2025				Respectfully submitted,

								*/s/ Dayna C. Cooper*
								Dayna C. Cooper (D.C. Bar No. 1033851)
								Cooper Legal, LLC
								1 Olympic Pl, Suite 900
								Towson, MD 21204
								(202) 642.5470
								Dayna@CooperLegalSolutions.com
								*Attorney for Defendants,*
								*Biz Markie, Inc. and Jennifer Izumi.*