IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCEL THEO HALL,<br><br>Plaintiff,<br><br>v.<br><br>BIZ MARKIE, INC., *et al.*,<br><br>Defendants. | Case No.: 1:22-cv-00806 (CKK) |

### RESPONSE TO NOTICE OF EVIDENTIARY OBJECTION

Plaintiff Tara Hall as Personal Representative of the Estate of Marcel Theo Hall hereby submits this Response to Defendants' so-called Notice of Evidentiary Objection, filed on October 9, 2025 [ECF 95] (the "Notice").

As an initial matter, this Court should disregard the Notice because, despite Defendants' protestations that they filed it "solely to preserve the record," the Notice is a poorly-disguised attempt at filing a sur-sur-reply in which Defendants seek to have the last word regarding summary judgment briefing after this Court permitted Plaintiff to file a sur-reply. Defendants could have raised this "objection" in opposition to Plaintiff's motion for leave to file a sur-reply; after all, the documents were appended to the motion. *See* ECF 85, at 85-3 (consisting of Exhibit M to the proposed sur-reply).  They did not, instead choosing to wait to see whether Plaintiff's motion would be granted and only then filing a "Notice" in which they argue that the Court should not consider the evidentiary materials appended to the motion. Defendants waived the evidentiary arguments made in the Notice. Consequently, this Court should consider neither those arguments nor the Notice.

Second, the Notice rests on a fundamentally flawed premise. While it is true that the sur-reply attaches exhibits Plaintiff did not produce in discovery, that is because, as is evident from the Declaration of Peter Nanov authenticating the exhibits, they were retrieved from publicly-available sites on the internet in response to an argument Defendants developed for the first time only in a Reply in Support of Summary Judgment. Hall did not produce them in response to requests for production **because they were not in her possession, custody, or control**. *See* Fed. R. Civ. P. 34(a)(1) (limiting right to demand production to information in opponent's "possession, custody, or control"). Plaintiff was under no obligation to search the internet in response to discovery requests in order to find and produce documents she did not possess or control, and it would be a perversion of the discovery process to suggest that, when a party declines to scour the internet for materials that might be responsive to a discovery request, she is barred from later relying on publicly-available documents to oppose a summary judgment argument developed for the first time in a reply brief. On its face, Fed.R.Civ.P. 34(a)(1) governs the production only of documents in the responding party's possession, custody, or control, and this Court should reject Defendants' effort to enlarge the scope of the rule.

This situation is unlike *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219 (D.D.C 2015), in which a party attempted to avoid sanctions for its failure to produce documents **in its possession** merely because those documents were **also** publicly available. Here, by contrast, the documents at issue were never under Plaintiff's possession, custody, or control, and as a result Fed.R.Civ.P. 34(a)(1) on its face imposed no obligation on Plaintiff to search the internet for them. Indeed, in response to Defendants' Request for Production No. 12 in their Second Set of Requests for Production, in which Defendants asked for production of "Mr. Hall's use of the Biz Markie trademark within the 10 years preceding the commencement of this Lawsuit," Hall responded:

2

> Hall objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "all" documents and communications concerning the subject of the Request and because Defendants have equal or greater access than Hall to the documents sought. See documents referred to in Exhibit 5 of the Expert Report of Christopher Williams, CFE, CPA, MBA, including but not limited to income reports of third-parties (Hall_JRH_01623-Hall_JRH_03267, Hall_JRH_04217-Hall_JRH_04234, Hall_JRH_06382-Hall_JRH_06399), as well as all agreements produced by Defendants which concerned Mr. Hall or Biz Markie, Inc., **various records of Mr. Hall's appearances and performances under the name Biz Markie, which are not in the possession of Hall**, and Trademark Application Serial No. 97377219 and all supporting documentation.

Response to Second Set of Requests for Production Request No. 12, attached as Ex 1 (emphasis added). Defendants have no basis on which to claim surprise that Hall would rely on documents *she did not possess* that evidenced "Mr. Hall's appearances and performances under the name Biz Markie."

Even were this Court to consider the late-filed "Notice of Evidentiary Objection," the objection is baseless.

Dated: October 16, 2025            Respectfully submitted,

<div style="margin-left: 40%;">

/s/William H. Oldach III
William H. Oldach III (D.C. Bar No. 458757)
Vorys, Sater, Seymour and Pease LLP
1909 K Street, NW, 9th Floor
Washington, DC 20006
(202) 467-8880
(202) 533-9024 (Facsimile)
wholdach@vorys.com

Marcel C. Duhamel, *pro hac vice*
Michael J. Garvin, *pro hac vice*
Aaron M. Williams, *pro hac vice*
Vorys, Sater, Seymour and Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
(216) 479-6100
mcduhamel@vorys.com
mjgarvin@vorys.com
amwilliams@vorys.com

*Attorneys for Plaintiff*

</div>

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Response to Notice of Evidentiary Objection was filed this 16th day of October, 2025, with the Court's electronic case management and filing system, which will send copies to all parties and counsel of record.

                                                  */s/ William H. Oldach III*
                                                  William H. Oldach III