IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TARA HALL AS PERSONAL REPRESENTATIVE OF THE ESTATE OF MARCEL THEO HALL, <br><br> Plaintiff, <br><br> v. <br><br> BIZ MARKIE, INC., *et al.*, <br><br> Defendants. | Case No.: 1:22-cv-00806 (CKK) |

**PLAINTIFF'S RESPONSES TO
DEFENDANTS BIZ MARKIE, INC. AND JENNIFER IZUMI'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
TO PLAINTIFF TARA HALL**

Plaintiff, Tara Hall, As Personal Representative of The Estate of Marcel Theo Hall, and derivatively on behalf of Biz Markie, Inc. ("Hall"), pursuant to Federal Rule of Civil Procedure 34, and Local Civil Rule 26.2, hereby responds to Defendants Biz Markie, Inc. and Jennifer Izumi's Second Request for Production of Documents to Plaintiff Tara Hall (the "Requests"), and states as follows:

**GENERAL OBJECTIONS**

Hall makes the following general objections and responses to the Requests, which are applicable to all of Hall's Responses:

1.  Hall objects to producing any information in response to the Requests that is protected by the attorney-client privilege, the work product privilege, or any other applicable protection, restriction, or immunity from discovery.

1

2.  Hall objects to the Requests to the extent that they seek or purport to impose on Hall obligations other than those prescribed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, and/or any Order of the Court.

3.  Hall objects to any defined or undefined terms in the Requests that differ from how Hall uses such terms in the ordinary use and course of business, and any answer or use of such terms in these answers does not constitute a waiver of any objections regarding the definition or scope of such terms.

4.  Hall objects to the Requests to the extent they seek documents not reasonably available to Hall or in Hall's possession, custody, or control.

5.  Hall objects to the Requests to the extent that providing the requested information would impose an unreasonable burden and expense upon Hall.

6.  Hall objects to the Requests to the extent that they seek information duplicative of other requests.

7.  Hall reserves the right to assert additional general and/or specific objections as appropriate and/or necessary and to supplement these responses as appropriate and/or necessary.

Consistent with and without waiving the foregoing general objections, Manatt answers the Interrogatories as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 8**: All documents and communications reflecting any sum of money, funds or exchanges, including any income, payments, advances, bonuses, commissions, salaries, royalties, loan proceeds, stocks, options, barter, refunds, reimbursements,

tips, donations, or the like, for or from any goods or services related to Mr. Hall, BMI., bizmarkie.com, or the name, image, persona, identity, likeness, and/or voice of Mr. Hall.

**RESPONSE:** See all documents referred to in Exhibit 5 of the Expert Report of Christopher Williams, CFE, CPA, MBA, all of which have been produced.

**REQUEST FOR PRODUCTION NO. 9**: All documents or communications concerning the sale of any goods or provision of any services related to Mr. Hall's entertainment and artistic endeavors, BMI, bizmarkie.com, or the name, image, persona, identity, likeness, and/or voice of Mr. Hall including but not limited to contracts for services and licensing agreements.

**RESPONSE:** See all documents referred to in Exhibit 5 of the Expert Report of Christopher Williams, CFE, CPA, MBA. Hall anticipates that documents responsive to the subpoena it served upon Super7 Retail, Inc. will also be responsive to this Request, and Hall will provide those documents to Defendants upon receipt.

**REQUEST FOR PRODUCTION NO. 10:** All documents and communications between Mr. Hall and Defendant Izumi concerning or related to Biz Markie, Inc.

**RESPONSE:** Hall objects to this Request on the grounds that this Request is unduly burdensome because Defendant Izumi has equal or greater access than Hall to the documents sought. After a reasonable search, Plaintiff has located no responsive documents.

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications between you and Mr. Hall concerning or related to Biz Markie, Inc.

**RESPONSE:** Hall objects to this Request because it seeks documents protected by the spousal privilege.

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications concerning, related to, or evidencing Mr. Hall's use of the Biz Markie trademark within the 10 years preceding the commencement of this Lawsuit.

**RESPONSE:** Hall objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "all" documents and communications concerning the subject of the Request and because Defendants have equal or greater access than Hall to the documents sought. See documents referred to in Exhibit 5 of the Expert Report of Christopher Williams, CFE, CPA, MBA, including but not limited to income reports of third-parties (Hall_JRH_01623-Hall_JRH_03267, Hall_JRH_04217-Hall_JRH_04234, Hall_JRH_06382-Hall_JRH_06399), as well as all agreements produced by Defendants which concerned Mr. Hall or Biz Markie, Inc., various records of Mr. Hall's appearances and performances under the name Biz Markie, which are not in the possession of Hall, and Trademark Application Serial No. 97377219 and all supporting documentation.

**REQUEST FOR PRODUCTION NO. 13:** All documents and communications concerning, related to, or evidencing Mr. Hall's use of the Just a Friend trademark within the 10 years preceding the commencement of this Lawsuit.

**RESPONSE:** Hall objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "all" documents and communications concerning the subject of the Request and because Defendants have equal or greater access than Hall to the documents sought. Hall further objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter.

**REQUEST FOR PRODUCTION NO. 14:** All documents concerning, related to, or evidencing Mr. Hall's intent to use the Biz Markie trademark within the 10 years preceding the commencement of this Lawsuit.

**RESPONSE:** Hall objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "all" documents and communications concerning the subject of the Request and because Defendants have equal or greater access than Hall to the documents sought. Hall further objects to this Interrogatory on the grounds that it is not relevant to any party's claim or defense because, given Hall's response to Request No. 12, intent is not relevant where there is actual use. See Response to Request No. 12.

**REQUEST FOR PRODUCTION NO. 15:** All documents concerning, related to, or evidencing Mr. Hall's intent to use the Just a Friend trademark within the 10 years preceding the commencement of this Lawsuit.

**RESPONSE:** Hall objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks "all" documents and communications concerning the subject of the Request and because Defendants have equal or greater access than Hall to the documents sought. Hall further objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter.

**REQUEST FOR PRODUCTION NO. 16:** All documents concerning, related to, or evidencing Mr. Hall's permission for you to use the Just a Friend trademark within the 10 years preceding the commencement of this Lawsuit.

**RESPONSE:**  Hall objects to this Request because it seeks documents protected by the spousal privilege.  Hall further objects to this Request on the grounds that it is not relevant to any party's claim or defense in this matter.

**REQUEST FOR PRODUCTION NO. 17:** All documents to support your contention that Mr. Hall was supposed to own more than 49% ownership of Biz Markie, Inc.

**RESPONSE:**  See Expert Report of Lita Rosario-Richardson, Esq., all exhibits thereto, and all documents referred to therein.

**REQUEST FOR PRODUCTION NO. 18:** All documents to support your contention that Ms. Izumi was supposed to own less than 51% ownership of Biz Markie, Inc.

**RESPONSE:**  See Response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 19:** All documents to support your contention that Mr. Hall did not desire Ms. Izumi to own 51% of Biz Markie, Inc.

**RESPONSE:**  See Response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 20:** All documents you rely or intend to rely upon at trial or otherwise used in responding to the Defendants' First Set of Interrogatories and Defendants' First Requests for Admissions.

**RESPONSE:**  Hall objects to this Request on the grounds that it is premature.  Hall will comply with the Court's orders regarding disclosure of trial exhibits and pursuant to the Local Rules. See all documents produced by any party to this matter, as well as all third-parties who have produced documents in response to subpoenas.

Dated: March 29, 2024                    Respectfully submitted,

                                          /s/ Peter C. Nanov
                                         Peter C. Nanov (D.C. Bar No. 230021)
                                         Vorys, Sater, Seymour and Pease LLP
                                         1909 K Street, NW, 9th Floor
                                         Washington, DC 20006
                                         (202) 467-8831
                                         (202) 533-9084 (Facsimile)
                                         pcnanov@vorys.com

                                         Michael J. Garvin, *pro hac vice*
                                         Marcel C. Duhamel, *pro hac vice*
                                         Aaron M. Williams, *pro hac vice*
                                         Vorys, Sater, Seymour & Pease LLP
                                         200 Public Square, Suite 1400
                                         Cleveland, OH 44114-2327
                                         (216) 479-6100
                                         mjgarvin@vorys.com
                                         mcduhamel@vorys.com
                                         amwilliams@vorys.com

                                         *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2024, the foregoing was served via email and was mailed, first class and postage prepaid, upon:

Dayna Cooper
Cooper Legal, LLC
1 Olympic Place, Suite 900
Towson, MD 21204

                                         */s/ Peter C. Nanov*
                                         Peter C. Nanov (D.C. Bar No. 230021)