## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TARA HALL AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MARCEL THEO HALL,

      Plaintiff,

      v.

BIZ MARKIE, INC., *et al.*,

      Defendants.

Case No.: 1:22-cv-00806 (CKK)

## MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF PLAINTIFF'S EXPERTS CHRISTOPHER WILLIAMS AND LITA ROSARIO-RICHARDSON

Plaintiff, Tara Hall, As Personal Representative of The Estate of Marcel Theo Hall, and derivatively on behalf of Biz Markie, Inc., respectfully moves this Court for leave to take trial depositions of Plaintiff's experts, Christopher Williams and Lita Rosario-Richardson. In support of this Motion, Plaintiff states as follows:

### I.   Procedural Background

1.   Plaintiff's expert disclosure deadline was February 16, 2024.  *See* Minute Order dated January 9, 2024.

2.   Plaintiff timely disclosed two experts, Christopher Williams and Lita Rosario-Richardson, and provided Defendants with their expert reports.

3.   Defendants did not take discovery depositions of either expert.

1

4.    Defendants filed a partial motion for summary judgment, which is fully briefed and awaiting ruling.[1]

5.    There is no trial date for this matter.

**II.    Law and Argument**

6.    Trial depositions are "for the primary purpose of preserving testimony for trial." *Murray v. Lilly*, No. 2:18-cv-00942, 2020 U.S. Dist. LEXIS 22053, at *2-3 (S.D. W. Va. Feb. 10, 2020); *see also Johnson v. Wash. Metro. Area Transit Auth.*, Civil Action No. 86-3110-LFO, 1993 U.S. Dist. LEXIS 1266, at *3 (Feb. 3, 1993) ("The rationale for a *de bene esse* deposition, however, is generally to preserve testimony in danger of being lost.").

7.    When deciding whether to allow a party to take a *de bene esse*, or trial, deposition, courts have considered the following: "(1) the unavailability of the witness; (2) the potential for prejudice to the opposing party; and (3) whether the deposing party knew the information the potential witness would testify to prior to the deposition." *Wye Oak Tech., Inc. v. Republic of Iraq*, No. 1:10-cv-01182-RCL, 2018 U.S. Dist. LEXIS 173646, at *2 (D.D.C. Oct. 4, 2018) (citing *Charles v. Wade*, 665 F.2d 661, 664-65 (Former 5th Cir. 1982).

8.    Each of these factors supports permitting Plaintiff leave to take trial depositions of her expert witnesses.

9.    First, given the uncertainty of when this matter may proceed to trial, allowing Plaintiff to conduct trial depositions of her experts will preserve their testimony should the experts become unavailable. *Weist v. E.I. Dupont De Nemours & Co.*, No. 05-CV-0534S(Sr), 2009 U.S. Dist. LEXIS 138325, at *8 (W.D.N.Y. Aug. 27, 2009) ("Although the factual wrinkle

---

[1] Briefing on Defendants' motion for partial summary judgment was complete on September 30, 2025 when this Court granted leave to Plaintiff to file a sur-reply. *See* Minute Order dated September 30, 2025. A copy of Plaintiff's proposed sur reply was filed on January 14, 2025. ECF No. 85; 09/30/2025 Minute Order).

. . . is that the witness to be deposed *de bene esse* is an expert retained by the plaintiff whose availability for trial is in question . . . the better course is to preserve Dr. Michaels' testimony now and permit defendants' to raise issues regarding the admissibility of that testimony . . . when the trial is imminent and when facts have replaced speculation as to Dr. Michaels' availability, notoriety, and necessity as a witness.").

10.   Second, allowing Plaintiff to conduct trial depositions will not cause any delay in the case schedule given that no trial date has been set.  *See Charles*, 665 F.2d at 665 (allowing appellant to take a trial deposition would not prejudice appellees because appellant filed his motion six weeks prior to trial and parties "had ample time to select a convenient date and to prepare for the deposition"); *Shannon v. Sasseville*, No. 08-343-P-H, 2009 U.S. Dist. LEXIS 103119, at *7 (D. Me. Nov. 3, 2009) (noting that the defendant sought leave to take trial depositions "very shortly before trial" but concluding that "so long as these depositions are taken in a manner that does not delay trial as currently scheduled, … they should be allowed to go forward").

11.   Moreover, any undue burden asserted by Defendants can be mitigated by Defendants and their counsel participating in the depositions remotely at a deposition to be arranged by Plaintiff on a date convenient for all parties.

12.   Third, Defendants already know the scope of Wilson and Rosario-Richardson's opinions and testimony. Wilson and Rosario-Richardson's expert reports contain, among other things, a "complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Accordingly, Defendants know the scope Wilson and Rosario-Richardson's anticipated testimony. *Murray*, 2020 U.S. Dist. LEXIS 22053, at *3 (noting that where defendant disclosed Dr. Riddle as an expert and provided plaintiff with Dr.

Riddle's expert report, "[t]he defendants largely know the content of Dr. Riddle's knowledge of the case.").

13.    Ultimately, this Court should "not deny the [trial] deposition[s] and deprive [Plaintiff] of testimony critical" to Plaintiff's case. *Charles*, 665 F.2d at 664-65 ("A party to a lawsuit obviously is entitled to present his witnesses. The fact that the discovery period had closed had no bearing on appellant's need, or his right, to have the jury hear Nixon's testimony.").

14.    WHEREFORE, to avoid the prejudice to Plaintiff should her expert witnesses be unavailable when this matter is eventually set for trial, Plaintiff respectfully moves this Court to allow Plaintiff to conduct *de bene esse* depositions of Wilson and Rosario-Richardson.


Dated: April 9, 2026                           Respectfully submitted,

                                               */s/  Marcel C. Duhamel*
                                               William H. Oldach III (D.C. Bar No. 458757)
                                               Vorys, Sater, Seymour and Pease LLP
                                               1909 K Street, NW, 9th Floor
                                               Washington, DC 20006
                                               (202) 467-8800
                                               (202) 533-9084 (Facsimile)
                                               wholdach@vorys.com

                                               Marcel C. Duhamel, *pro hac vice*
                                               Aaron M. Williams, *pro hac vice*
                                               Vorys, Sater, Seymour & Pease LLP
                                               200 Public Square, Suite 1400
                                               Cleveland, OH 44114-2327
                                               (216) 479-6100
                                               mcduhamel@vorys.com
                                               amwilliams@vorys.com

                                               *Attorneys for Plaintiff*

### **RULE 7(m) STATEMENT**

Between February 2, 2026, and February 3, 2026, Plaintiff's counsel met and conferred with Defendants' counsel via email to determine if Defendants opposed Plaintiff's request to take trial depositions of Christopher Williams and Lita Rosario-Richardson, and if so, whether the parties could narrow the areas of disagreement. Defendants oppose Plaintiff's request to take trial deposition while Defendants' summary judgment motion remains pending.

/s/   Marcel C. Duhamel
Marcel C. Duhamel, *pro hac vice*
Vorys, Sater, Seymour & Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
(216) 479-6100
mcduhamel@vorys.com

*One of the Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 9, 2026, the foregoing Motion for Leave to Take Trial Depositions of Plaintiff's Experts Christopher Williams and Lita Rosario-Richardson was filed with the Court's electronic case management and filing system, which will send copies to all parties and counsel of record.

/s/ Marcel C. Duhamel
Marcel C. Duhamel, *pro hac vice*
Vorys, Sater, Seymour & Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
(216) 479-6100
mcduhamel@vorys.com

*One of the Attorneys for Plaintiff*