IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TARA HALL AS PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MARCEL THEO HALL,

        Plaintiff,

        v.

BIZ MARKIE, INC., *et al.*,

        Defendants.

Case No.: 1:22-cv-00806 (CKK)

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE TRIAL DEPOSITIONS OF PLAINTIFF'S EXPERTS CHRISTOPHER WILLIAMS AND LITA ROSARIO-RICHARDSON**

Defendants' opposition to Plaintiff's Motion for Leave to Take Trial Depositions misapplies the standard that governs such a motion: whether to permit trial preservation testimony is within this Court's discretion. *See*, *e.g.*, *Charles v. Wade*, 665 F.2d 661, 667 (5th Cir.1982).  This Court's exercise of that discretion is not confined to some "doctrine" that precludes the Court from permitting the taking of the testimony, regardless of whether Defendant can point to cases in which courts have declined to exercise that discretion to permit the taking of such testimony.

Defendants appear to suggest that the lack of a scheduled trial date somehow militates against permitting the preservation of trial testimony. This gets it backward. Courts consider not whether a party asked for leave to preserve trial testimony *too soon* before trial (so long as discovery has been completed), but instead whether they waited *too long* and made the request only on the eve of trial in such a way that would necessitate a delay of that trial. *See*, *e.g.*,

*Charles*, 665 F.2d at 665 (noting that permitting a *de bene esse* deposition six weeks prior to trial would not prejudice the appellees because the appellees "had ample time to select a convenient date and to prepare for the deposition); *Shannon v. Sasseville*, No. 08-343-P-H, 2009 U.S. Dist. LEXIS 103119, at *7 (D.Me. Nov. 3, 2009) (allowing *de bene esse* depositions "so long as these depositions are taken in a manner that does not delay trial").

Here, where allowing the testimony would not delay trial, the only "prejudice" to Defendants is the need to prepare cross examinations of the two expert witnesses whose testimony Plaintiff asks this Court to permit her to preserve. That, of course, is no more prejudicial than the need to prepare to cross examine any witness, and in any event, that "prejudice" is significantly outweighed by the prejudice Plaintiff would suffer in the event either of her two retained experts were to become unavailable to testify at a future trial. Indeed, one suspects that, had Plaintiffs not filed this motion, Defendants—who of course would prefer that Plaintiff not offer expert testimony in support of her claims—would not hesitate to argue that, were either expert to become unavailable, her subsequent request for leave to seek a substitute expert should be denied because Plaintiff could have avoided that need through the simple expedient of filing this very motion.

Defendants spend much of their opposition rehashing arguments they made in summary judgment briefing attacking the admissibility of the proffered testimony. Plaintiff has already addressed those arguments (*see* ECF 76 at 15-17) and will not repeat them here. Suffice it to say that "the better course is to preserve [the experts'] testimony now and permit defendants' to raise issues regarding the admissibility of that testimony . . . when the trial is imminent and when facts have replaced speculation as to [the expert's] availability, notoriety, and necessity as a witness." *Weist v. E.I. Dupont De Nemours & Co.*, No. 05-CV-0534S(Sr), 2009 U.S. Dist. LEXIS 138325,

2

at *8 (W.D.N.Y. Aug. 27, 2009). Permitting the preservation of this testimony would not prejudice Defendants' ability to argue against its admissibility. *See Shannon*, 2009 U.S. Dist. LEXIS 103119, at *8 ("I note that my ruling affects only the taking of the depositions, not their admissibility at trial."). By contrast, declining to permit the preservation of this testimony could well severely prejudice Plaintiff by precluding her from offering it at trial.

Defendants cite *Weiss v. First Unum Life Ins. (In re Weiss)*, Civil Action No. 02-4249 (GEB), 2010 U.S. Dist. LEXIS 24097 (D.N.J. Mar. 15, 2010) in support of the notion that a motion to take trial preservation testimony facially fails if it does not establish by affidavit or some other evidence that the proffered evidence will actually be lost. The case says nothing of the sort. There, the Court denied a plaintiff's request to preserve *his own* testimony where he did not offer evidence that a health condition he had suffered *two and a half years prior to bringing the motion* would prevent the Plaintiff from testifying at trial and where the motion was filed before fact discovery had even begun. This case is nothing like *Weiss*; Defendants face no prejudice in the form of needing to appear at a trial preservation deposition of the plaintiff before obtaining any discovery from the plaintiff. To the contrary: Defendants here have the benefit of both experts' reports and have everything they need to prepare cross examination of those witnesses.

Defendants append—as a sort of rhetorical exclamation point—to the end of their opposition a request for fees pursuant to Fed.R.Civ.P. 37(a)(5)(b). That rule, which governs the award of fees in certain discovery disputes, does not apply here; Plaintiff's Motion does not pertain to a dispute concerning discovery responses in any way. In any event, not every disagreement about the course of litigation—indeed, few such disagreements—represent positions that are so unreasonable as to permit the award of fees to the prevailing party.

Defendants surely would cry foul were this Court to award Plaintiff *her* fees if this Court *grants* her Motion. While Plaintiff believes this Court should, in the interests of justice, fairness, and judicial economy, grant her Motion, should this Court disagree, there is no basis on which to punish Plaintiff for having had the temerity to make the request.

For these reasons and the reasons more fully expressed in Plaintiff's Motion (ECF No. 99), Plaintiff respectfully requests that this Court grant her motion to take trial preservation depositions of her experts.

Dated: April 30, 2026

Respectfully submitted,

*/s/ Marcel C. Duhamel*
William H. Oldach III (D.C. Bar No. 458757)
Vorys, Sater, Seymour and Pease LLP
1909 K Street, NW, 9th Floor
Washington, DC 20006
(202) 467-8800
(202) 533-9084 (Facsimile)
wholdach@vorys.com

Marcel C. Duhamel, *pro hac vice*
Aaron M. Williams, *pro hac vice*
Vorys, Sater, Seymour & Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
(216) 479-6100
mcduhamel@vorys.com
amwilliams@vorys.com

*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 30, 2026, the foregoing Reply in Support of Motion for

Leave to Take Trial Depositions of Plaintiff's Experts Christopher Williams and Lita Rosario-

Richardson was filed with the Court's electronic case management and filing system, which will

send copies to all parties and counsel of record.

*/s/ Marcel C. Duhamel*
Marcel C. Duhamel, *pro hac vice*
Vorys, Sater, Seymour & Pease LLP
200 Public Square, Suite 1400
Cleveland, OH 44114-2327
(216) 479-6100
mcduhamel@vorys.com

*One of the Attorneys for Plaintiff*